RAMSBOTTOM v. RAILROAD.

(Filed April 4, 1905.)

*Railroads—Injury to Live Stock—Negligence—Proper Care
—Proximate Cause—Questions for Jury.*

1. In an action against a railroad company for damages for injuries to horses, where the evidence showed that the horses were injured by running into a trestle, and that the train was one hundred yards from the trestle when they were injured and stopped one hundred feet from the trestle; *held*, that section 2326 of the Code in reference to the killing or injury of cattle and livestock by engines or cars and changing the burden of proof when action is brought within six months, does not apply.

2. To establish actionable negligence, the plaintiff must show that there has been a failure to exercise proper care in the performance of some legal duty which the defendant owed the plaintiff under the circumstances in which they were placed, and that such negligent breach of duty was the proximate cause of the injury.

3. Proper care is that degree of care which a prudent person should use under like circumstances, and charged with a like duty.

4.  The proximate cause of an injury is one that produces the result
    in continuous sequence and without which it would not occur,
    and one from which any man of ordinary prudence could foresee
    that such result was probable under all the facts as they existed.

5.  Where two different conclusions could be fairly drawn as to whether
    there was a negligent breach of duty in not stopping a train and
    whether the injury was one that any man of ordinary pru-
    dence might have expected from the facts as they existed, an
    instruction that withdrew the decision of both of these elements
    of actionable negligence from the jury and submitted to them
    only the question whether the failure to stop the train caused
    the injury, was erroneous.

ACTION by T. H. Ramsbottom and T. B. Smith, trading
as Ramsbottom & Smith, against Atlantic Coast Line Rail-
road Company, heard by *Judge Geo. H. Brown, Jr.,* and a
jury, at the October Term, 1904, of the Superior Court of
COLUMBUS County. From a judgment for the plaintiffs,
the defendant appealed.

*Lyon & Lyon* for the plaintiffs.
*Junius Davis,* for the defendant.

HOKE, J.    There was evidence to the effect that some time
prior to the commencement of this action, and within six
months, two horses owned by the plaintiffs got on the track
of defendant company at a point about a quarter of a mile
from a trestle, and one hundred yards or little more ahead
of one of defendant's trains, which was approaching from
the south. The track was straight for at least a half mile
back from the trestle, and at a point about 150 yards from
the trestle a wagon road crossed the railroad track. The
horses ran along the track about 100 yards ahead of the
train, passing the wagon road crossing, and continued to go
along the track till they ran into the trestle and were serious-
ly injured. When the horses were seen by the engineer of
defendant's train about a quarter of a mile from the trestle,

the speed of the train was slackened to six miles an hour, and the train being fully under control, followed along behind the horses at a distance of one hundred yards until the horses were injured, and stopping at a distance of one hundred feet from the trestle. There was some conflict of evidence as to the speed of the horses as they went along the track ahead of the train, and some conflict as to the character and condition of the ground, tending to make it more or less probable that the horses would leave the track without stopping the train.

Upon these facts the judge below held, correctly we think, that the statute in reference to the killing or injury of cattle and live stock by engines or cars running on any railroad (Code Sec. 2326) and changing the burden of proof when action is brought within six months, does not apply and the burden of the issue as to negligence was on the plaintiff. This point is really not before us, as the ruling of his honor was against the plaintiff, who did not appeal; but as there will be another trial, and the same question will arise, we deem it not improper to express our opinion concerning it.

Properly then, putting the burden of this issue on the plaintiff, the court further charged the jury as follows: "That up to the time the horses passed the crossing there was no negligence on the part of the engineer. The evidence showed that he had slowed down the train and had shut off steam and had the engine under control; and he had a right to believe that the horses could get off the track or turn off at the crossing. After the horses passed the crossing, if an engineer of ordinary prudence and care could by reasonable diligence have seen that the horses were badly frightened and were rushing forward towards the trestle, then it was the engineer's duty to stop the engine, and if you find the further facts to be in addition that the horses were driven on to the trestle by the approaching train, and its failure to stop sooner than it did after passing the crossing,

it is negligence on the part of the defendant, and you will answer the first issue yes."

In this charge we think there was error which entitles the defendant to a new trial. It has been held in this State that where the facts are undisputed and but a single inference can be drawn from them, it is the exclusive duty of the court to determine whether the injury was caused by the negligence of one or the concurrent negligence of both of the parties.

But where, upon the facts admitted, or as they shall be found by the jury, men of fair minds could come to different conclusions on the question of actionable negligence, it is the province of the jury to determine whether such negligence does or does not exist. *Russell v. Railroad,* 118 N. C., 1098; *Graves v. Railroad,* 136 N. C., 3.

To establish actionable negligence, the question of contributory negligence being out of the case, the plaintiff is required to show by the greater weight of the testimony, first, that there has been a failure to exercise proper care in the performance of some legal duty which the defendant owed the plaintiffs under the circumstances in which they were placed, proper care being that degree of care which a prudent man should use under like circumstances and charged with like duty; and, second, that such negligent breach of duty was the proximate cause of the injury—a cause that produced the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such a result was probable under all the facts as they existed. Shearman & Red. on Neg. Sec. 25-28; *Brewster v. Elizabeth City,* at this term (137 N. C.,) *Raiford v. Railroad,* 130 N. C., 597; *Pittsburg v. Taylor,* 104 Pa., 306; *McGowan v. Railroad,* 91 Wis., 147.

We are of the opinion that the present case is one in which two different conclusions could be fairly drawn as to whether

there was a negligent breach of duty in not stopping the train, and whether the injury was one that any man of ordinary prudence might have expected from the facts as they existed.

The charge of the court, we think, withdrew the decision of both these elements of actionable negligence from the jury, submitting to them only the question, whether the failure to stop the train caused the injury.

There will be a new trial, and with appropriate instructions on the degree of care required, and as to the meaning of proximate cause, the question will be left to the jury to determine whether there was a negligent breach of duty in failing to stop the train, and whether such failure to stop was the proximate cause of the injury, the burden of the issue being on the plaintiffs.

New Trial.

BROWN, J. took no part in the decision of this case.