BUILDERS MUTUAL INSURANCE COMPANY v. NORTH MAIN CONSTRUCTION, LTD., GAJENDRA SIROHI, AND WIFE, POONAM SIROHI

No. 155A06

(Filed 15 December 2006)

**Insurance— commercial general liability policy—automobile exclusion—negligent hiring, retention, and supervision claims—auto accident sole source of injury—exclusion applicable**

As a general rule, an insurance policy will not provide coverage where an excluded cause is the sole cause of liability, but coverage extends when damage results from more than one cause, even if one of those is excluded. Here, an auto exclusion in a commercial general liability policy applied, and summary judgment was correctly granted for plaintiff insurer in a declara-

tory judgment action to determine liability for claims of negligent hiring, retention, and supervision, where the injuries in the case arose from the use of a company van.

Justice TIMMONS-GOODSON dissenting.

Justice MARTIN joins in this dissenting opinion.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 176 N.C. App. 83, 625 S.E.2d 622 (2006), reversing an order entered 19 October 2004 by Judge Howard E. Manning, Jr. in Superior Court, Wake County, and remanding for entry of summary judgment in plaintiff's favor. Heard in the Supreme Court 16 October 2006.

*Pinto Coates Kyre & Brown, P.L.L.C., by Richard L. Pinto and John I. Malone, Jr., for plaintiff-appellee.*

*Pulley, Watson, King & Lischer, P.A., by Guy W. Crabtree, for defendant-appellants Gajendra and Poonam Sirohi.*

WAINWRIGHT, Justice.

This is a declaratory judgment action brought by plaintiff Builders Mutual Insurance Company (Builders Mutual) against defendants North Main Construction, Ltd. (North Main) and Gajendra and Poonam Sirohi (the Sirohis). Builders Mutual insures North Main under a Commercial General Liability Insurance Policy (the policy), which contains the following exclusionary clause:

This insurance does not apply to:

. . .

g.  Aircraft, Auto Or Watercraft.

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading."

The sole question before this Court is whether Builders Mutual has a duty under the policy to defend or indemnify North Main in a negligence suit filed by the Sirohis.[1]

---

1. The record reflects that Builders Mutual also insured North Main under a separate business automobile liability policy, the scope and coverage of which is not at issue on appeal.

**BUILDERS MUT. INS. CO. v. NORTH MAIN CONSTR., LTD.**

[361 N.C. 85 (2006)]

In a complaint dated 20 September 2002 and filed in Superior Court, Wake County, the Sirohis asserted multiple causes of action against North Main and its employee, Ronald F. Exware, Jr. (Exware), including claims for negligent driving, negligent entrustment, negligent hiring, negligent retention, and negligent supervision. The Sirohis' complaint alleges that Poonam Sirohi was injured on 29 November 2001 when Exware drove the company van across the median of Interstate 40 and collided with her vehicle. Exware was cited for driving while intoxicated and careless and reckless driving in connection with the wreck. At that time, Exware already had multiple moving violations on his seven-year driving record, including one previous conviction for driving North Main's van on the wrong side of the road, three speeding charges, and one charge of transporting an open container of alcoholic beverage.

The Sirohis' complaint alleged that North Main was negligent in the following ways:

(a) North Main allowed Exware to drive a company vehicle, even though it knew that he had received a citation for driving on the wrong side of the road in a company vehicle several months before the wreck;

(b) North Main knew that Exware's driving record was extremely poor, to the extent that his operation of a motor vehicle would likely cause great risk and danger to others, such as Mrs. Sirohi;

(c) North Main failed to properly hire, supervise, and retain its employees;

(d) North Main participated in and condoned conduct that was likely to lead to death or injury to others;

(e) North Main created and fostered an atmosphere among its employees and officers that the consumption of alcohol and illegal drugs and the use of company vehicles was permissible.

On 12 April 2004, Builders Mutual filed this declaratory judgment action seeking a determination that it does not have a duty to defend or indemnify North Main against the Sirohis' suit because its policy with North Main does not provide liability coverage for injuries arising out of the use or entrustment of an automobile. Although North Main failed to respond to Builders Mutual's complaint, the Sirohis

**BUILDERS MUT. INS. CO. v. NORTH MAIN CONSTR., LTD.**

[361 N.C. 85 (2006)]

filed an answer on 24 May 2004. Thereafter, the Sirohis moved for summary judgment and Builders Mutual moved for judgment on the pleadings, which the trial court also considered as a motion for summary judgment. On 19 October 2004, the trial court entered an order allowing each motion in part and denying each motion in part. The court ruled that the policy does not provide coverage for the claims of negligent entrustment and negligent driving, but that the policy does provide coverage for claims of negligent hiring, negligent supervision, and negligent retention. Builders Mutual appealed, and on 21 February 2006, a divided panel of the Court of Appeals reversed the trial court and remanded the case for entry of summary judgment in favor of Builders Mutual.

This Court must now determine whether the Sirohis' claims for negligent hiring, retention, and supervision are covered by Builders Mutual's policy with North Main. In so doing, the Court will review the trial court's order allowing summary judgment de novo. *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 470, 597 S.E.2d 674, 693 (2004). Summary judgment is appropriate when "there is no genuine issue as to any material fact" and "any party is entitled to a judgment as a matter of law." N.C.G.S. § 1A-1, Rule 56(c) (2005).

An insurer's duty to defend a policy holder against a lawsuit is determined by the facts alleged in the pleadings. *Waste Mgmt. of Carolinas, Inc. v. Peerless Ins. Co.*, 315 N.C. 688, 691, 340 S.E.2d 374, 377 (1986). If the pleadings "state facts demonstrating that the alleged injury is covered by the policy, then the insurer has a duty to defend, whether or not the insured is ultimately liable." *Id.* If the pleadings "allege facts indicating that the event in question is not covered, and the insurer has no knowledge that the facts are otherwise, then it is not bound to defend." *Id.*

Insurance contracts commonly contain exclusionary clauses that list sources of liability the policy does not cover. In the case *sub judice*, Builders Mutual's policy with North Main excludes " '[b]odily injury' or 'property damage' <u>arising out of</u> the ownership, maintenance, use or entrustment to others of any . . . 'auto' . . . owned . . . by . . . any insured [North Main]." (Emphasis added.) An injury "arises out of" an excluded source of liability when it is proximately caused by that source. *State Capital Ins. Co. v. Nationwide Mut. Ins. Co.*, 318 N.C. 534, 547, 350 S.E.2d 66, 73-74 (1986).

"As a general rule, coverage will extend when damage results from more than one cause even though one of the causes is specifi-

BUILDERS MUT. INS. CO. v. NORTH MAIN CONSTR., LTD.

[361 N.C. 85 (2006)]

cally excluded," *Avis v. Hartford Fire Ins. Co.*, 283 N.C. 142, 150, 195 S.E.2d 545, 549 (1973) (citations omitted), but if an excluded source of liability is the "sole cause of the injury" then the policy does not provide coverage, *State Capital*, 318 N.C. at 546, 350 S.E.2d at 73. This Court has previously determined that the use of an automobile was not the "sole cause of the injury" when an insured party accidently shot his passenger while retrieving a loaded shotgun from the storage compartment of his pickup truck. *State Capital*, 318 N.C. at 536, 547, 350 S.E.2d at 67-68, 74. In that case, "negligent mishandling of the rifle" was "a non-automobile proximate cause" of injury. *Id.* at 547, 350 S.E.2d at 74. Accordingly, the Court concluded that the insured party's homeowners insurance policy covered the accident, even though the policy contained an automobile exclusion similar to the exclusion in the policy *sub judice*. *Id.*

Here, Poonam Sirohi was injured when Exware drove North Main's van into her vehicle; therefore, her injuries "arise[] out of" the use of a vehicle owned by North Main. Although the Sirohis allege that North Main was negligent in hiring, retaining, and supervising Exware, these actions were harmful to Poonam Sirohi only because Exware was required to drive the company van in the course of his employment, and the collision was the sole cause of Sirohi's injury. For this reason, we determine that negligent hiring, negligent retention, and negligent supervision are not "non-automobile proximate cause[s]" of Poonam Sirohi's injuries for the purpose of determining the scope of Builders Mutual's liability under the policy.

Because the facts alleged by the Sirohis in their pleadings indicate that their injuries are not covered by Builders Mutual's policy with North Main, Builders Mutual does not have a duty to defend or indemnify North Main against the Sirohis' negligence action. Accordingly, the decision of the North Carolina Court of Appeals is affirmed.

AFFIRMED.

Justice TIMMONS-GOODSON dissenting.

Because I believe the Sirohis have forecast evidence that establishes as a matter of law the presence of a non-automobile proximate cause, I would hold that the automobile exclusion contained in North Main's Commercial General Liability Insurance Policy does not apply. Therefore, I respectfully dissent.

BUILDERS MUT. INS. CO. v. NORTH MAIN CONSTR., LTD.

[361 N.C. 85 (2006)]

The sole issue before us is whether Builders Mutual has a duty to defend North Main Construction and Ronald Exware against the Sirohis' claims that North Main engaged in negligent hiring, supervision, and retention. Because an insurer's duty to defend is broader than its duty to provide coverage, we need not determine whether North Main will ultimately be held liable or whether Builders Mutual will be required to provide coverage. *Waste Management of Carolinas, Inc. v. Peerless Insurance Co.*, 315 N.C. 688, 691, 340 S.E.2d 374, 377 (1986). Rather, we must determine whether the pleadings contain any facts demonstrating that "the alleged injury is covered by the policy." *Id.* If such facts are present, "then the insurer has a duty to defend." *Id.* Finally, "[a]ny doubt as to coverage is to be resolved in favor of the insured." *Id.* at 693, 340 S.E.2d at 378.

In *State Capital Insurance Co. v. Nationwide Mutual Insurance Co.*, 318 N.C. 534, 547, 350 S.E.2d 66, 74 (1986), we held that "exclusionary language . . . should be interpreted as excluding accidents for which the sole proximate cause involves the use of an automobile. If there is *any* non-automobile proximate cause, then the automobile use exclusion does not apply." *Id.* at 547, 350 S.E.2d at 74 (emphasis added). As the majority recognizes, under the facts of *State Capital*, "negligent mishandling of [a] rifle" was a non-automobile proximate cause. *Id.* Therefore, the homeowners policy in question provided coverage. *Id.*

The *State Capital* decision is in line with our long-standing general rule that "[e]xclusions from and exceptions to undertakings by [an insurance company] are not favored, and are to be strictly construed to provide the coverage which would otherwise be afforded by the policy." *Maddox v. Colonial Life & Accident Ins. Co.*, 303 N.C. 648, 650, 280 S.E.2d 907, 908 (1981); *see also Wachovia Bank & Tr. Co. v. Westchester Fire Ins. Co.*, 276 N.C. 348, 355, 172 S.E.2d 518, 522-23 (1970); *Allstate Ins. Co. v. Shelby Mut. Ins. Co.*, 269 N.C. 341, 346, 152 S.E.2d 436, 440 (1967); *Thompson v. Mut. Benefit Health & Accident Ass'n*, 209 N.C. 678, 682, 184 S.E. 695, 698 (1936). The majority in the instant case misapplies *State Capital*.

We have defined proximate cause as "a cause that produced the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such a result was probable under all the facts as they existed." *Mattingly v. N.C. R.R. Co.*, 253 N.C. 746, 750, 117 S.E.2d 844, 847 (1961) (citing *Ramsbottom v. Atl. Coast Line R.R. Co.*, 138 N.C. 38, 50 S.E. 448 (1905)). In a claim for negligent hiring

and retention, two separate inquiries must be conducted as to causation: First, did the employee's actions cause the injury? Second, did the employer's hiring and retention of the employee cause the injury? *See, e.g., Waddle v. Sparks*, 331 N.C. 73, 87, 414 S.E.2d 22, 29 (1992) ("An essential element of a claim for negligent retention of an employee is that the employee committed a tortious act resulting in plaintiffs' injuries."); *Medlin v. Bass*, 327 N.C. 587, 591, 398 S.E.2d 460, 462 (1990) (noting that the essential elements of a claim for negligent employment or retention include proof of both the underlying negligent act and that the injury resulted from the employer's negligent hiring and retention).

Though the majority in the instant case cites *State Capital*, it applies that case's proximate cause standard incorrectly when it concludes that North Main's "actions were harmful to Poonam Sirohi only because Exware was required to drive the company van in the course of his employment." The Sirohis claim that North Main's negligent hiring, retention, and supervision of employees regarding the use of drugs and alcohol was a proximate cause of Poonam Sirohi's injuries. These causes of action impose *direct* liability for North Main's negligence, as opposed to *vicarious* liability for Exware's use of the vehicle. *See* Charles E. Daye & Mark W. Morris, *North Carolina Law of Torts* § 23.10, at 453 (2d ed. 1999). As such, a proximate cause of the harm for the negligent hiring, retention, and supervision claims is North Main's negligence in hiring, retaining, and supervising Exware, this negligence concurring with Exware's negligent use of the automobile. North Main's decision to hire and retain Exware predates the tortious activity that is the subject of this case and is wholly separate from that activity. Thus, while Exware's operation of a vehicle was a proximate cause of Poonam Sirohi's injuries, it was not the sole one.

The facts of *Nationwide Mutual Insurance Co. v. Davis* provide a helpful comparison to the present case. 118 N.C. App. 494, 455 S.E.2d 892, *disc. rev. denied*, 341 N.C. 420, 461 S.E.2d 759 (1995). In *Davis*, a young girl was hit by a car after leaving her grandmother's van to follow her grandmother across the street. *Id.* at 495-96, 455 S.E.2d at 893. The Court of Appeals found that "the 'use' of the van was not the *sole proximate cause* of the accident; a concurrent cause was [the grandmother's] negligent supervision of [the girl] when [she] exited the van." *Id.* at 501, 455 S.E.2d at 896. Because there was a non-automobile proximate cause, the Court of Appeals held that the automobile exclusion did not apply. *Id.* In the same way, the automo-

bile that Exware was driving was not the sole proximate cause of Poonam Sirohi's injuries. Here, North Main's negligent hiring, retention, and supervision of its employees regarding the use of drugs and alcohol is a concurrent proximate cause.

Whether the Sirohis can ultimately prove that North Main's negligent hiring, retention, and supervision caused Poonam Sirohi's injuries is a question for the jury. I would hold, however, that because the Sirohis have forecast sufficient evidence of a non-automobile proximate cause as a matter of law, Builders Mutual must defend North Main under its Commercial General Liability Insurance Policy. Therefore, I respectfully dissent.

Justice MARTIN joins in this dissenting opinion.