CARL W. MEARES, JR., Plaintiff v. TOWN OF BEAUFORT, TOWN OF BEAUFORT HISTORIC PRESERVATION COMMISSION, LINDA DARK, MIKE MENARY, DELORES MEELHEIM, CAROL SADLER, AND GINNY WELTON, Defendants

No. COA07-882

(Filed 7 October 2008)

**1. Zoning— historic preservation district—failure to act on application for building—writ of mandamus**

A writ of mandamus was properly issued to require a Certificate of Appropriateness for building in a historic district where the zoning ordinance and the rules of procedure for the Historic Preservation Commission provided that failure to act on an application for a permit within 60 days results in approval and issuance of the permit, and the expiration of 60 days in this case is undisputed.

**2. Zoning— building in historic district—subject matter jurisdiction**

The trial court had subject matter jurisdiction over an action concerning the issuance of a Certificate of Appropriateness (COA) for building in a historic district. Plaintiff is an aggrieved party because the Historic Preservation Commission declined to consider his second application for the certificate to erect a building on a lot he owned, and the writ of mandamus did not require a vain act, despite the argument that the proposed build-

ing violates a zoning ordinance, because the issuance of the COA is an independent function and is not dependent on the issuance of a zoning certificate.

**3. Zoning— historic district—application for building—automatic approval without action—informal communication—not an action**

The trial court properly ruled that an application for a Certificate of Appropriateness for building in a historic district was approved by operation of law where the application was automatically · approved if no action was taken in 60 days. Although defendants argue that the Historic Preservation Commission (HPC) acted when the town attorney informed plaintiff that the Commission would not act on this application while an earlier application was pending, there was no formal denial and the attorney's communication does not qualify as action by the HPC.

**4. Zoning— historic district—certificate for building—independent from zoning certificate**

The trial court did not usurp the authority of the town's zoning administrator by ordering the issuance of a Certificate of Appropriateness for building in a historic district. The issuance of a COA by the Historic Preservation Commission and the issuance of a zoning certificate are independent functions.

**5. Zoning— certificate to build in historic district—estoppel to enforce zoning—neither parties nor issue before trial court**

The argument that the trial court erred by ruling that a town was estopped from enforcing a zoning ordinance was misplaced where the issue before the trial court was the issuance of a Certificate of Appropriateness by a Historic Preservation Commission. The denial of a zoning certificate was not an issue before the trial court, and the zoning administrator and the Board of Adjustment were not parties to the current action.

**6. Zoning— historic preservation—application to build—subsequent application—jurisdiction to consider**

The first application to a Historic Preservation Commission to build in a historic area did not divest the Commission of jurisdiction to consider a subsequent application. There is no provision which precludes submission of alternative design proposals.

**7. Zoning— historic district—application to build—petition in Superior Court—continuing jurisdiction of Commission**

A Historic Preservation Commission was not divested of jurisdiction to address an application for a Certificate of Appropriateness to build in a historic area by the filing of a petition seeking a writ of mandamus. The issuance of a writ of mandamus is an exercise of original and not appellate jurisdiction.

**8. Zoning— historic district—building—mandamus—exhaustion of administrative remedies**

The trial court did not lack jurisdiction to address a petition for a writ of mandamus concerning a permit to build in a historic district where plaintiff had allegedly failed to exhaust his administrative remedies. The Historic Preservation Commission did not render a decision from which plaintiff could appeal and the petition for a writ of mandamus sought to compel consideration of the application.

**9. Zoning— historic district—certificate allowing building—multiple applications**

The trial court did not err by issuing a writ of mandamus compelling a Historic Preservation Commission to issue a Certificate of Appropriateness (COA) for a building where the application in question was plaintiff's second for the same property and defendants contended that public policy precludes processing multiple applications for the same site. Defendants provided no basis for determining that public policy grants the Commission the authority to refuse to process or consider an application for a COA.

**10. Mandamus— historic district building certificate—stay—statutory criteria**

The trial court did not err by refusing to stay a writ of mandamus pending appeal. N.C.G.S. § 1-291 does not require a stay upon satisfaction of statutory criteria.

**11. Mandamus— stay denied—no abuse of discretion**

The trial court did not abuse its discretion by not staying a writ of mandamus under N.C.G.S. § 1A-1, Rule 62.

**12. Mandamus— building in historic district—stay denied—multiple reasons**

The trial court did not abuse its discretion by refusing to stay a writ of mandamus involving building in a historic district.

Defendants argued that plaintiff raised the doctrine of laches for the first time in opposition to the stay, but this was only one of 10 arguments raised by plaintiff.

Appeal by defendants from order entered 31 May 2007 by Judge John E. Nobles in Carteret County Superior Court. Heard in the Court of Appeals 20 February 2008.

*Poyner & Spruill, LLP, by Robin Tatum Currin, for plaintiff-appellee.*

*Cranfill, Sumner & Hartzog, L.L.P., by Susan K. Burkhart, and Kirkman, Whitford & Brady, P.A., by Neil B. Whitford, Esq., for defendant-appellants.*

BRYANT, Judge.

Town of Beaufort, Town of Beaufort Historic Preservation Commission (HPC), Linda Dark, Mike Menary, Delores Meelheim, Carol Sadler, and Ginney Welton (collectively defendants) appeal from an order entered 31 May 2007 which denied defendants' motion to stay or enjoin enforcement of an Order, Judgment, and Writ of Mandamus entered by the trial court 19 April 2007 which compelled the release of a Certificate of Appropriateness (COA), to be executed by defendants, to Plaintiff Carl W. Meares, Jr.

Pursuant to the Town of Beaufort Zoning Ordinance, the function of the HPC is to "review and pass upon the appropriateness of the construction, reconstruction, alteration, restoration, moving or demolition of any buildings, structures, appurtenant fixtures, outdoor advertising signs, or other exterior features in the historic district." Beaufort, N.C., Zoning Ordinance § 13.6(b) (2007). "Exterior features" include "color, architectural style, general design, and general arrangement of the exterior of the building or other structure, including the kind and texture of the building material, the size and scale of the building, and the type and style of all windows, doors, light fixtures, signs, and other appurtenant features." *Id.* at § 13.4. But, "[t]he [HPC] shall take no action . . . except to prevent the construction, reconstruction, alteration, restoration, moving or demolition of buildings, structures, appurtenant fixtures, outdoor advertising signs, or other significant features in the historic district which would be incongruous or incompatible with the special character of the district." *Id.*

MEARES v. TOWN OF BEAUFORT

[193 N.C. App. 49 (2008)]

"No exterior portion of any building or other structure . . . shall be erected, altered, restored, moved, or demolished within such district until after an application for a [COA] as to exterior features has been submitted to and approved by the Beaufort [HPC]." *Id.* A COA "is required to have been approved and issued by the Beaufort [HPC] prior to the issuance of a building permit or other permit granted for the purpose of constructing, altering, moving and demolishing structures." *Id.* The HPC has established Rules of Procedure the stated purpose of which is "[t]o establish procedures for organizing the business of the Beaufort [HPC] . . . and processing applications for [COAs] . . . ."

Though not the subject of this appeal, we note for context that on 12 September 2004 Meares filed with the HPC a COA application for a commercial and residential structure to be erected on one of three lots he owned on Front Street in Beaufort's Historic District. The proposed structure was to share a wall with the adjacent Aquadro Building already owned by Meares.

On 5 October 2004, the HPC denied Meares' September 2004 application on the ground that Meares' design violated the Beaufort Historic District Design Guidelines. Meares filed a claim in Carteret County Superior Court alleging a portion of the Design Guidelines was void as a matter of law. After cross motions for summary judgment, the Carteret County Superior Court granted Meares' motion and concluded that a portion of the Historic District Design Guidelines were void as a matter of law. Defendants appealed the matter to this Court.[1]

With Meares (I) pending, Meares submitted a second COA application to Beaufort's HPC—the subject of the instant case. Meares proposed an alternative structure to be erected on the same lot involved in Meares (I). The HPC declined to process Meares' second application.

On 30 March 2006, in Carteret County Superior Court, Meares filed a petition for writ of mandamus and complaint. The complaint alleged that on 15 February 2006 Meares filed with the HPC a second COA application which the HPC declined to process; the petition requested that the trial court order the HPC to hold a hearing and act on Meares' application.

---

1. Companion case *Meares v. Town of Beaufort*, COA07-889, referred to herein as "Meares (I)," also heard in the Court of Appeals on 20 February 2008 with the instant case, referred to herein as "Meares (II)."

On 3 May 2006, defendants filed a notice of removal to the United States District Court for the Eastern District of North Carolina on the grounds of a federal question under 28 U.S.C. §§ 1331 and 1441(b). By order dated 15 February 2007, the Federal District Court retained jurisdiction over the issue involving alleged violations of Meares' state and federal constitutional rights, but remanded to Carteret County Superior Court Meares' petition for a writ of mandamus on the grounds that it raised novel issues of North Carolina law.

Back in Superior Court, Meares and defendants filed cross motions for summary judgment. A trial court order filed 19 April 2007 granted Meares' motion for summary judgment and denied defendants' motion. Furthermore, the trial court issued a writ of mandamus ordering defendants to "act upon and issue a [COA]" to Meares pursuant to his second application.

In compliance with the trial court's order, defendants deposited a COA with the Clerk of Court, along with a motion for a stay of execution on the judgment and a notice of appeal. The trial court denied defendants' motion to stay or enjoin enforcement of the judgment pending appeal and ordered the immediate release of the COA. Defendants filed with this Court a petition for a writ of supersedeas, which was denied. Defendants gave notice of appeal from both the trial court's denial of defendants' motion to stay or enjoin enforcement of the judgment pending appeal and the order releasing to Meares the COA deposited with the Carteret County Clerk of Court.

On appeal, defendants raise twelve issues: whether the trial court erred by denying defendants' motion for summary judgment and issuing a writ of mandamus requiring the HPC to issue a COA on the grounds that (I) Meares lacked a clear right to the COA; (II) the proposed development violates the town's zoning ordinance; (III) a writ of mandamus cannot compel a vain or impossible act; (IV) the HPC had previously not approved or denied Meares' second application; (V) the trial court usurped the authority of the zoning administrator; (VI) the town is not estopped from enforcing its own zoning ordinance; (VII) the HPC lacked subject matter jurisdiction to consider Meares' second application; (VIII) Meares failed to exhaust his administrative remedies; and (IX) policy precludes the HPC from processing multiple COA applications for the same site. Defendants also contend that the trial court erred in denying defendants' motion to stay the judgment pending appeal (X) where the deposit of the COA with the Clerk of Court automatically stayed the judgment, (XI)

where the enforcement of the judgment while on appeal would irreparably harm the town, and (XII) where there was no basis for the stay on the theory of laches.

## Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2007). On appeal, "the Court will review the trial court's order allowing summary judgment de novo." *Builders Mut. Ins. Co. v. North Main Constr., Ltd.*, 361 N.C. 85, 88, 637 S.E.2d 528, 530 (2006).

## I

**[1]** Defendants first argue that the trial court erred by issuing a writ of mandamus compelling the issuance of the COA when the time period the HPC had to review Meares' second application had not expired when Meares filed his petition for a writ of mandamus. Defendants argue the trial court entered judgment on a claim that was not ripe at the time it was filed. We disagree.

"Traditionally, a writ of mandamus would not be issued to enforce a duty involving judgment and discretion," *Orange County v. North Carolina Dep't of Transp.*, 46 N.C. App. 350, 386, 265 S.E.2d 890, 913 (1980) (citation omitted), or "enforce an alleged right which is in doubt," *Mears v. Board of Education*, 214 N.C. 89, 91, 197 S.E. 752, 753 (1938) (citations omitted). "[A] party seeking [the] writ . . . . must have a clear legal right to demand it, and the party to be coerced must be under a positive legal obligation to perform the act sought to be required." *Ponder v. Joslin*, 262 N.C. 496, 504, 138 S.E.2d 143, 149 (1964) (citations omitted). "The function of the writ is to compel the performance of a ministerial duty—not to establish a legal right, but to enforce one which has been established." *Id.* But, "[o]ur Court has noted that mandamus may be appropriate when, as in the instant case, a party seeks to compel the enforcement of a zoning ordinance." *McDowell v. Randolph County*, 186 N.C. App. 17, 29, 649 S.E.2d 920, 928 (2007).

Under N.C. Gen. Stat. § 160A-400.9(d), "[a]ll applications for [COAs] shall be reviewed and acted upon within a reasonable time, not to exceed 180 days from the date the application for a [COA] is filed, as defined by the ordinance or the commission's rules of pro-

cedure." N.C. Gen. Stat. § 160A-400.9(d) (2006). The Beaufort Zoning Ordinance[2] and the HPC Rules of Procedure[3] establish that failure to approve or deny a completed application for a COA within sixty days following its submission results in the approval and issuance of the COA. *See* Beaufort, N.C., Zoning Ordinance § 13.4 (2006) and Beaufort, N.C., Historic District Commission Rules of Procedure, Rule 7.06 (2006). Thus, where the HPC fails to act within sixty days following the submission of a completed COA application, the approval of a COA is a ministerial rather than a discretionary function.

Here, Meares filed with the HPC his second application for a COA on 15 February 2006. On 30 March 2006, Meares filed in Carteret County Superior Court a petition for writ of mandamus and complaint to compel a hearing on his second application. In their answer filed 5 June 2006, defendants admit the HPC declined to process or consider the second application. In its order granting Meares' motion, the trial court noted the uncontested fact that the HPC failed to act on Meares' application within the sixty-day review period and issued a writ of mandamus ordering defendants to issue a COA to Meares pursuant to his application.

Acknowledging the undisputed expiration of the sixty-day window for HPC discretionary review without action and pursuant to the Beaufort Zoning Ordinance and Beaufort HPC Rules of Procedure, we hold the approval of Meares' second COA application and issuance of the COA was a ministerial duty appropriately compelled by the trial court's writ of mandamus. Accordingly, defendants' assignment of error is overruled.

## II & III

[2] Defendants next argue the trial court lacked subject matter jurisdiction over this action because Meares is not an aggrieved party and

---

2. Approval by the Commission. "Upon the failure of the [HPC] to take final action upon a complete application within sixty (60) days after the final application for the [COA] has been submitted . . . the application for a [COA] shall be deemed to have been approved, except when mutual agreement in writing has been made with regard to an extension of the time limit." Beaufort, N.C., Zoning Ordinance § 13.8.

Beaufort, N.C., Zoning Ordinance § 13.8. Approval by the Commission. "Upon approval of any application for a [COA], the [HPC] shall forthwith cause a [COA] to be issued to the applicant . . . ."

3. "The [HPC] must issue or deny [COA] within sixty days after the filing of the application, except when limit has been extended by mutual agreement between the applicant and the [HPC]." Beaufort, N.C., Historic District Commission Rules of Procedure, Rule 7.06. Time for Decision.

its issuance of a writ of mandamus was error because it compels a vain or impossible act. Defendants argue the proposed construction in Meares' second COA application violates Beaufort Zoning Ordinance setback requirements. Specifically, because Meares' proposed design does not share a wall with another structure, the construction must set back fifteen feet from its proposed location. Assuming so, defendants argue Meares' proposal is not capable of being built as designed, and the HPC does not have the discretion to waive zoning ordinance violation enforcement. Therefore, defendants argue the HPC's failure to act on Meares' application for a COA resulted in no harm and Meares lacks standing to bring a claim against the town as an aggrieved party. We disagree.

Under the Town of Beaufort Zoning Ordinance, section 16.1, "[n]o building or structure or any part thereof shall be erected or structurally altered until a zoning certificate is issued by the Zoning Administrator." *Id.* at § 16.1. Under North Carolina General Statute 160A-388(b), "the board of adjustment shall hear and decide appeals from and review any order, requirement, decision, or determination made by an administrative official charged with the enforcement of that ordinance." N.C. Gen. Stat. § 160A-388(b) (2006). Thus, if a zoning administrator denies a zoning certificate on the grounds that a project does not conform to zoning ordinance setback requirements, this decision can be appealed to the Board of Adjustment.

Under the Beaufort Zoning Ordinance, section 14.1, a "nonconforming project" is defined as "[a]ny structure, development, or undertaking that is incomplete at the effective date of this ordinance and would be inconsistent with any regulation applicable to the district in which it is located if completed as proposed or planned." Beaufort, N.C., Zoning Ordinance § 14.1 (2006). Under section 14.8, "work on nonconforming projects may begin . . . only pursuant to a variance issued by the Board of Adjustment." *Id.* at § 14.8(a). Thus, the Board of Adjustment has the authority to issue a variance and allow a nonconforming project to continue.

Defendants do not allege and, after our review of the Town of Beaufort Zoning Ordinance, we do not hold the issuance of a COA by the HPC is dependent upon the issuance of a zoning certificate. Thus, the HPC's issuance of a COA[4] is an independent function and not a vain and useless act.

---

4. Zoning Ordinance of the Town of Beaufort, North Carolina. Section 13.6. Powers and Duties of the Historic Preservation Commission. Subsection (b). "It shall be the function of the [HPC] to review and pass upon the appropriateness of the con-

"A person aggrieved is one adversely affected in respect of legal rights, or suffering from an infringement or denial of legal rights." *County of Johnston v. City of Wilson*, 136 N.C. App. 775, 779, 525 S.E.2d 826, 829 (2000) (citation and quotation omitted). As previously stated, to erect a structure in the Beaufort Historic District, the Beaufort HPC must receive and approve an application for a COA. *See* Beaufort, N.C., Zoning Ordinance § 13.4.

Seeking to erect a structure on a lot he owned, Meares submitted a COA application to the HPC. Defendants concede that "the HPC has declined to process or consider" Meares' second application. By failing to address Meares' application for a COA, we hold Meares suffered a denial of legal rights. Thus, Meares is an aggrieved party, and defendants' assignments of error are overruled.

*IV*

**[3]** Defendants next question whether the trial court erred in denying defendants' motion for summary judgment and granting Meares' petition for mandamus where the HPC informed Meares through counsel the HPC would not address his second application while the denial of the first application was on appeal. Defendants argue that a communication to Meares that his application would not be approved constitutes final action by the HPC. We disagree.

Under the Town of Beaufort Zoning Ordinance, section 13, "[a]ll complete applications for [COAs] shall be reviewed and acted upon within a reasonable time and within sixty (60) days from the date said complete application for a [COA] is filed with the [HPC] . . . ." *Id.* at § 13.7. "Upon approval of any application for a [COA], . . . [a] report of the [HPC's] actions shall be submitted to the Town Manager and the Town Building Inspector stating the basis upon which such approval was made." *Id.* at § 13.8 (2006). "In the case of disapproval of any application for a [COA], the [HPC] shall state the reasons therefore in writing in terms of design, arrangements, texture, material, color, and other factors involved." *Id.* at § 13.9.

Here, Meares submitted a second COA application dated 15 February 2006 to the HPC. The HPC failed to approve or deny the application. The communication to which defendants refer came

struction, reconstruction, alteration, restoration, moving or demolition of any buildings, structures, appurtenant fixtures, outdoor advertising signs, or other exterior features in the historic district. . . ." Subsection (c). "It shall be the function of the [HPC] to review and pass upon the appropriateness of exterior features of buildings, structures and properties within the 'Historic District'."

from the Town Attorney and occurred on 18 January 2006, a month prior to Meares' submission of his second application in February. The Town Attorney never indicated he was acting on behalf of the HPC. Specifically, he acknowledged being "little more than [an] observer[] in this process." Therefore, the Town Attorney's communication does not qualify as action by the HPC. And since there was no formal denial of the second application, the trial court properly ruled the application approved by operation of law. *See Id.* at § 13.8. Accordingly, defendants' assignment of error is overruled.

V

[4] Defendants next question whether the trial court erred in concluding that Meares' second application meets the requirements of the town's zoning ordinance. Defendants argue that the trial court usurped the function of the zoning administrator. We disagree.

As discussed earlier (*see* section II & III), the issuance of a COA by the HPC and the issuance of a zoning certificate by the zoning administrator are independent functions. The trial court granted Meares' motion for summary judgment and ordered defendants to issue a COA. The trial court issued no order compelling the zoning administrator to any action or forbearance. Thus, the trial court did not usurp the authority of the zoning administrator. Accordingly, defendants' assignment of error is overruled.

VI

[5] Defendants argue the trial court erred by concluding the Town was estopped from enforcing its zoning ordinance. Defendants' argument is misplaced.

Here, the trial court granted Meares' motion for summary judgment, denied defendants' motion for summary judgment, and ordered defendants to issue a COA to Meares. In its conclusions of law, the trial court cited the HPC Rules of Procedure, entitled "COA Application Review and Processing," which provide that "[t]he Zoning Officer will review the [COA] Application for compliance with the zoning ordinance," and that "[a]pplications that are not in compliance with zoning and other Town code provisions will be returned to the applicant and will not be forwarded to the commission for review."

The trial court concluded that as defendants failed to notify Meares within the sixty-day window that the HPC declined to process, consider, or act on Meares' second application, "it is fair

and reasonable for [Meares] . . . to conclude that [his] Second Application complies with the Town's Zoning Ordinance and other Town code provisions, and the Defendants are estopped from contending otherwise."

We note our discussion under (V), reasoning that the trial court order compelling the HPC to issue a COA did not encroach upon the jurisdiction of the zoning administrator. Under Beaufort Zoning Ordinance section 18.5, "[a]n appeal may be taken to the Board of Adjustment by any person aggrieved by a decision of any officer, department or board of the town relative to enforcement of interpretation of this [zoning] ordinance." *Id.* at § 18.5. Furthermore, "[e]very decision of the Board of Adjustment shall be ·subject to review by the Superior Court by proceedings in the nature of certiorari." *Id.* at § 18.6.

The denial of a zoning certificate was not an issue before the Carteret County Superior Court. Moreover, the zoning administrator and the Board of Adjustment are not parties to the current action. Therefore, we hold the trial· court order ruling that "Defendants are estopped from contending" Meares' second application does not comply with the Town's zoning ordinance does not·infringe upon the authority vested by the zoning ordinance in the zoning administrator, the Board of Adjustment, or other parties not joined in this matter. See N.C. Gen. Stat. § 1-260 (2007) ("no declaration shall prejudice the rights of persons not parties to the proceedings.").

## VII

**[6]** Defendants next question whether the trial court lacked subject matter jurisdiction to hear Meares' complaint. Defendants argue the HPC's denial of Meares' first application for a COA and the subsequent appeal from that denial (A) divested the trial court of jurisdiction to consider a second application for a certificate to develop the same property. In the alternative, defendants argue (B) that once Meares filed a complaint in Superior Court, the HPC was divested of jurisdiction to address Meares' application. Defendants also argue that because Meares filed his complaint within sixty days of filing his application with the HPC, he cannot assert that the HPC failed to act on his application within the sixty-day time frame. We disagree.

## A

Defendants argue that when Meares filed his first COA application, the HPC was divested of jurisidiction to consider a second appli-

cation. Pursuant to the Town of Beaufort Zoning Ordinance, "[i]t shall be the function of the [HPC] to review and pass upon the appropriateness of exterior features of buildings, structures, and properties within the Historic District." Beaufort, N.C., Zoning Ordinance § 13.6(c). Since the function of the HPC is to consider the appropriateness of the exterior features proposed, *see Id.* at § 13.6(b), and we find no provision in the Town of Beaufort Zoning Ordinance or the Rules of Procedure of the Beaufort Historic District Commission which precludes the submission of alternative design proposals to the HPC, defendants' argument is overruled.

*B*

**[7]** Defendants further argue that when Meares filed a complaint in Carteret County Superior Court, the HPC was divested of jurisdiction to address Meares' application. However, "[t]he issuance of a writ of mandamus is an exercise of original and not appellate jurisdiction . . . ." *Baker v. Varser*, 239 N.C. 180, 189, 79 S.E.2d 757, 764 (1954) (citation omitted). "This extraordinary remedy is not a proper instrument to review or reverse an administrative board which has taken final action on a matter within its jurisdiction." *Snow v. North Carolina Bd. of Architecture*, 273 N.C. 559, 570, 160 S.E.2d 719, 727 (1968) (citation and quotations omitted). We hold the HPC retained jurisdiction to address Meares' COA application during the sixty-day period prescribed by the Beaufort Zoning Ordinance following submission of the application. *See* Beaufort, N.C., Zoning Ordinance § 13.8 (2006) ("Upon failure of the [HPC] to take final action upon a complete application within sixty (60) days after the final application for the [COA] has been submitted . . . the application for a [COA] shall be deemed to have been approved . . . ."). Accordingly, defendants' assignment of error is overruled.

*VIII*

**[8]** Defendants next argue Meares failed to exhaust his administrative remedies by failing to appeal to the Board of Adjustment, the appellate body charged with appeals from the HPC and therefore, the trial court lacked jurisdiction to address Meares' complaint and petition. We disagree.

Pursuant to Beaufort Zoning Ordinance, section 18.5, "[a]n appeal may be taken to the Board of Adjustment by any person aggrieved by a decision of any officer, department or board of the town relative to enforcement or interpretation of this ordinance." *Id.* at § 18.5. Here, the HPC, in their answer to Meares' complaint filed in Carteret

County Superior Court, averred that "the HPC has declined to process or consider [Meares'] Second Application." Thus, the HPC failed to render a decision from which Meares could appeal. *See Robins v. Town of Hillsborough*, 361 N.C. 193, 198, 639 S.E.2d 421, 424 (2007) ("a [town board] conducting a quasi-judicial hearing can dispense with no essential element of a fair trial. One of those essential elements is that any decision . . . has to be based on competent, material, and substantial evidence that is introduced at a public hearing. Accordingly, it is impossible for a court reviewing a town board's decision to do so unless the town board actually renders that decision.") (citations and emphasis omitted).

The function of *mandamus* is to compel the performance of a ministerial duty to which the one seeking the performance has a clear legal right. *Ponder*, 262 N.C. at 504, 138 S.E.2d at 149. Meares' initial petition for a writ for mandamus sought to compel the HPC to consider his second COA application. *See* discussion *supra* Part II & III. We hold the HPC's consideration of Meares' COA application was a performance to which Meares had a clear legal right. Accordingly, defendants' assignment of error is overruled.

## IX

[9] Defendants next argue that the trial court erred in issuing a writ of mandamus compelling the HPC to issue a COA for Meares' second COA application because public policy precludes the HPC from processing multiple COA applications for the same site. We disagree.

Defendants cite *Winchester Woods Assoc. v. Planning & Zoning Comm.*, 219 Conn. 303, 592 A.2d 953 (1991), for the proposition that public policy allows the HPC the discretionary authority to refuse to accept a second application due to the pending appeal of a first application. Though not binding on the matter, we note that *Winchester* involved the interpretation of Connecticut General Statute section 8-26, which states "[n]o planning commission shall be required to consider the application for approval of a subdivision plan while another application for subdivision of the same or substantially the same parcel is pending before the commission." Conn. Gen. Stat. § 8-26 (1989). We also note that the Supreme Court of Connecticut held that where the planning commission denied the plaintiff's second application "without any consideration of whether that application differed substantively from the plaintiff's [first] application" there was an abuse of discretion. *Winchester*, 219 Conn. at 312, 592 A.2d at 958.

As defendants have provided this Court with no basis for a determination that public policy grants the HPC the authority to refuse to process or consider an application for a COA, we overrule defendant's assignment of error.

## X

[10] Defendants next argue the trial court erred in denying a stay of the judgment pending appeal. Defendants argue that under General Statute section 1-291, where an appellant, having been directed to execute an "instrument" does, in fact, execute such instrument and deposits the same with the Clerk of Court, agreeing to be bound by the judgment of the appellate courts, an automatic stay should be entered.

Under North Carolina Rules of Civil Procedure, Rule 62(d), "[w]hen an appeal is taken, the appellant *may obtain a stay of execution* . . . by proceeding in accordance with and subject to the conditions of . . . G.S. 1-291 . . . ." N.C. R. Civ. 62(d) (2007) (emphasis added). Under North Carolina General Statute section 1-291,

> [i]f the judgment appealed from directs the execution of a conveyance or other instrument, the execution of the judgment is not stayed by the appeal until the instrument has been executed and deposited with the clerk with whom the judgment is entered, to abide the judgment of the appellate court.

N.C. Gen. Stat. § 1-291 (2007). *Cf. Wilmington Star-News v. New Hanover Regional Medical Ctr.*, 125 N.C. App. 174, 183, 480 S.E.2d 53, 58 (1997) ("the trial court possesses the legal authority to stay its own orders pending appeal in cases involving the Public Records Act."). We do not read N.C.G.S. § 1-291 to require that a stay is compelled upon satisfaction of the criteria under N.C.G.S. § 1-291. Accordingly, defendants' assignment of error is overruled.

## XI

[11] Defendants next argue the trial court erred in refusing to stay the judgment under Civil Procedure Rule 62.[5] Defendants argue that their appeal is meritorious and enforcement of the judgment would irreparably harm the town by foregoing HPC review to determine if Meares' development was in congruity with the character of Beaufort's Historic District.

---

5. Defendants refer to N.C. Gen. Stat. § 1A-1, Rule 62, "Stay of proceedings to enforce a judgment."

"When evaluating the propriety of a trial court's stay order the appropriate standard of review is abuse of discretion. A trial court may be reversed for abuse of discretion only if the trial court made a patently arbitrary decision, manifestly unsupported by reason." *Home Indem. Co. v. Hoechst Celanese Corp.*, 128 N.C. App. 113, 117-18, 493 S.E.2d 806, 809 (1997) (citations omitted).

In *Abbott v. Highlands*, 52 N.C. App. 69, 277 S.E.2d 820 (1981), this Court considered a trial court's grant of a motion to stay its judgment pending appeal, which prevented a town from taxing the plaintiffs' pending appeal. *Id.* at 79, 277 S.E.2d at 827. We reasoned that there was some likelihood the plaintiffs' arguments could have prevailed on appeal and thus were not wholly frivolous. We held that the trial court's grant of the stay was not an abuse of discretion. *Id.*

Here, the trial court denied defendants' motion to stay or enjoin enforcement of the judgment pending the appeal and ordered that the COA executed by defendants be released and delivered by the Clerk of Superior Court to Meares. Acknowledging the merit of defendants' arguments on appeal we cannot say the appeal was frivolous. Nevertheless, we find no abuse of discretion by the trial court in releasing the COA to Meares. Accordingly, defendants' assignment of error is overruled.

## XII

**[12]** Last, defendants argue the trial court erred in refusing to enter a stay where Meares, in his response in opposition to defendants' verified motion to stay or enjoin enforcement of judgment pending appeal, argued for the first time that the doctrine of laches precluded defendants from contending that Meares' second COA application does not comply with the Town of Beaufort Zoning Ordinance and other town code provisions.

We note that while Meares does argue the doctrine of laches in his response to defendants' motion to stay or enjoin enforcement of the judgment pending appeal, this is one of ten arguments Meares raises against defendants' motion to stay or enjoin the judgment. Accordingly, defendants' assignment of error is overruled.

Affirmed.

Judges HUNTER and STROUD concur.