DILLON, Judge.
Dena Fay Ford Averitt ("Defendant") appeals from an order of the trial court partially granting Plaintiffs' motion for summary judgment. For the following reasons, we affirm.
I. Background
Alex C. Averitt, Jr., ("Mr. Averitt") is the owner and primary manager of Protech Advisory Services, Inc. ("Protech") (collectively, the "Plaintiffs"). Defendant was employed by Mr. Averitt as a part-time bookkeeper beginning in 2008. Defendant worked for Mr. Averitt in this capacity for approximately four years before Mr. Averitt and Defendant were married on 20 January 2012. After the parties were married, Defendant became more involved in bookkeeping for Mr. Averitt's various businesses, including Protech.
In mid-2015, Mr. Averitt began to question Defendant's handling of his business accounts and requested that his accountant examine the business records from 2008 through 2015. The accountant found records which, considered in the light most favorable to Plaintiffs, showed a misappropriation of funds by Defendant during the period from 2008 to the time of Defendant's marriage to Mr. Averitt in 2012. Defendant concedes this point on appeal.
Based on this information, Plaintiffs filed a complaint against Defendant, alleging conversion, fraud, and constructive fraud, and requesting an accounting. Further review of Protech's records revealed that Defendant had been paying herself an unauthorized salary, making double payments for goods and services and depositing the second payments into her personal accounts, paying her personal wireless phone bill from Protech's accounts, and misdirecting payments into non-corporate accounts. Defendant admitted in a recorded conversation with Mr. Averitt that she was "stealing from [him]."
Plaintiffs filed a motion for summary judgment. It appears from the record that the sole document filed in opposition to Plaintiffs' motion for summary judgment was an affidavit by Defendant. In the affidavit, Defendant stated that beginning in 2012-after her marriage to Mr. Averitt-Mr. Averitt gave her authority to access and control Protech's financials, his individual bank accounts, and the couple's joint bank account.
In an order entered in August 2017, the trial court granted Plaintiffs' motion for summary judgment in regard to Plaintiffs' fraud claims. The trial court concluded that there was no genuine issue of material fact as to Plaintiffs' right to recover damages related to Defendant's fraud which occurred prior to 20 January 2012 , the date of the parties' marriage. Based on the information submitted to the trial court regarding Defendant's actions prior to 20 January 2012, the trial court entered judgment in favor of Plaintiffs in the amount of forty-one thousand, eight hundred forty-two dollars and forty cents ($41,842.40). The trial court certified the judgment for immediate appeal pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure. See N.C. R. App. P. 54(b). Defendant timely appealed.
II. Analysis
Defendant's sole argument on appeal is that the trial court erred in granting Plaintiffs' motion for partial summary judgment. Specifically, Defendant contends that Plaintiffs have failed to present evidence showing that Defendant's actions satisfy all five elements of fraud. We disagree.
"The standard of review for summary judgment is de novo." Forbis v. Neal , 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007). "[A]ll inferences of fact ... must be drawn against the movant and in favor of the party opposing the motion." Caldwell v. Deese , 288 N.C. 375, 378, 218 S.E.2d 379, 381 (1975). Summary judgment is appropriate where "there is no genuine issue as to any material fact and [ ] any party is entitled to judgment as a matter of law." N.C. R. Civ. P. 56(c) ; see also Builders Mut. Ins. Co. v. N. Main Const., Ltd., 361 N.C. 85, 88, 637 S.E.2d 528, 530 (2006).
"[T]he following essential elements of actionable fraud are well established: (1) False representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." Ragsdale v. Kennedy , 286 N.C. 130, 138, 209 S.E.2d 494, 500 (1974) (emphasis added). Constructive fraud, however, "does not require the same rigorous adherence to elements as actual fraud." Forbis , 361 N.C. at 528, 649 S.E.2d at 388. Rather, constructive fraud "arises where a confidential or fiduciary relationship exists, which has led up to and surrounded the consummation of the transaction in which [the] defendant is alleged to have taken advantage of [her] position of trust to the hurt of [the] plaintiff." Id. (internal marks and citations omitted). Constructive fraud differs from actual fraud "in that it is based on a confidential relationship rather than a specific misrepresentation." Id. at 528-29, 649 S.E.2d at 388.
Here, we conclude that the undisputed facts detailed in the parties' affidavits and exhibits are sufficient to establish each element of fraud, as well as the elements of constructive fraud. The record clearly shows that Defendant was employed by Mr. Averitt as a bookkeeper for Protech prior to 20 January 2012. A bookkeeper, with access to financial records and authority to control financial accounts of a business, is certainly in a position of "trust and confidence." See State v. Gray, 166 N.C. App. 517, 603 S.E.2d 583 (2004) (unpublished); see also Black's Law Dictionary 658 (8th ed.2004) (defining "fiduciary" as "[a] person who is required to act for the benefit of another person on all matters within the scope of their relationship").
The undisputed evidence establishes that prior to 20 January 2012, Defendant did not have access to the Plaintiffs' funds for personal use; that she misdirected funds for her own use; that she took steps to actively conceal her actions from Plaintiffs by making false entries in Protech's financial records and failing to record certain transactions, clearly indicating an intent to deceive Plaintiffs; that Plaintiffs were, in fact, deceived by her actions; and finally, that Plaintiffs were, in fact, damaged by Defendant's actions. Defendant's affidavit stated that she believed Mr. Averitt was monitoring all of the accounts and would bring any objections to her attention; however, this is contradicted by a recorded phone conversation in which Defendant acknowledged that her actions constituted "lying," "stealing," and "being deceitful."
We conclude that Defendant's position as Mr. Averitt's bookkeeper constituted a position of "trust and confidence" such that her actions amounted to constructive fraud. We further conclude that even viewed in the light most favorable to Defendant, there is no genuine issue of material fact which would justify reversal of the trial court's partial summary judgment order.
Accordingly, we affirm the trial court's order granting partial summary judgment on Plaintiffs' fraud claims based upon Defendant's conduct prior to 20 January 2012, including the trial court's entry of judgment against Defendant in the amount of $41,842.40.
AFFIRMED.
Report per Rule 30(e).
Judges DIETZ and ARROWOOD concur.