COX v. DINE-A-MATE, INC.

[131 N.C. App. 542 (1998)]

———————————

DAVID B. COX, PLAINTIFF V. DINE-A-MATE, INC., ENTERTAINMENT PUBLICATIONS, INC., AND CUC INTERNATIONAL, INC., DEFENDANTS

No. COA97-1572

(Filed 1 December 1998)

**Jurisdiction— pending appeal—foreign action—not involved in appeal**

The trial court did not lack subject matter jurisdiction to enjoin defendants from proceeding with a separate New York action arising from a covenant not to compete where the propri-

ety of the New York action was not a question involved in the pending appeal of the North Carolina action.

Appeal by defendants from order filed 1 October 1997 by Judge L. Todd Burke in Guilford County Superior Court. Heard in the Court of Appeals 15 September 1998.

*Floyd and Jacobs, L.L.P., by James H. Slaughter and Robert V. Shaver, Jr., for plaintiff appellee.*

*Parker, Poe, Adams & Berntstein, by Anthony Fox; Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by Jim W. Phillips, Jr. and James C. Adams, II; and Weil, Gotshal & Manges L.L.P., by Scott Martin and Helene D. Jaffe, for defendant appellants.*

GREENE, Judge.

Dine-A-Mate, Inc. (Dine-A-Mate), Entertainment Publications, Inc., and CUC International, Inc. (collectively, Defendants) appeal from the trial court's order enjoining Defendants from proceeding with their action (filed in the state of New York) against David B. Cox (Plaintiff).

Plaintiff began working for Dine-A-Mate in 1993 under an oral employment contract. In January of 1996, Plaintiff signed a written employment agreement which included a covenant not to compete. The written employment agreement stated that "[t]he forum for any action hereunder shall be Broome County, New York." Plaintiff was fired by Dine-A-Mate in December of 1996. In April of 1997, he filed suit against Defendants in Guilford County District Court, seeking damages for Defendants' alleged breach of the oral employment contract by failing to pay Plaintiff sums owed pursuant to that oral agreement, and seeking a declaratory judgment that the written employment agreement was void and unenforceable (the North Carolina Action). Defendants moved for dismissal of the North Carolina Action based on the written employment agreement's forum selection clause, and sought a preliminary injunction against Plaintiff prohibiting him from competing against them. On 11 July 1997, the trial court denied Defendants' motion to dismiss Plaintiff's North Carolina Action and refused to grant a preliminary injunction against Plaintiff. Defendants filed notice of appeal to this Court on 17 July 1997. In an opinion filed 16 June 1998, we affirmed the order of the trial court, stating: (1) that the trial court had not abused its discretion

in concluding that the forum selection clause in the written employment contract was unenforceable; (2) that denial of a preliminary injunction against Plaintiff was proper because "enforcement of the covenant [not to compete contained in the written employment agreement] would be in violation of the public policy of this state"; and (3) that Defendants have no trade secrets, because "the information claim[ed] as trade secrets is 'readily ascertainable through independent development.'" *Cox v. Dine-A-Mate, Inc.*, 129 N.C. App. 773, ——, 501 S.E.2d 353, 357 (1998) (quoting N.C.G.S. § 66-152(3) (1992)).

Meanwhile, on 8 July 1997, Defendants filed suit in New York seeking injunctive relief and damages for Plaintiff's alleged breach of the written employment agreement (the New York Action). Defendants served Plaintiff with notice of the New York Action on 10 July 1997. On 29 September 1997, Plaintiff moved the Guilford County Superior Court for a temporary restraining order and preliminary injunction enjoining Defendants from proceeding with the New York Action. The trial court entered a preliminary injunction against Defendants on 1 October 1997. Defendants filed notice of appeal from the preliminary injunction with this Court on 7 October 1997.

The single issue raised is whether the trial court lacked subject matter jurisdiction to enjoin Defendants from proceeding with their New York Action.

Once a party appeals from the judgment of the trial court, "all further proceedings in the cause" are suspended in the trial court during the pendency of the appeal, and the trial court "is without power to hear and determine questions involved in [the pending] appeal . . . ." *Lowder v. Mills, Inc.*, 301 N.C. 561, 580, 273 S.E.2d 247, 258 (1981); N.C.G.S. § 1-294 (1996) (appeal of judgment stays all further proceedings in the trial court "upon the matter embraced therein"). Trial courts are permitted to " 'proceed upon any other matter included in the action and *not affected by the judgment appealed from*' . . . so long as they do not concern the subject matter of the suit." *Woodard v. Local Governmental Employees' Retirement Sys.*, 110 N.C. App. 83, 85-86, 428 S.E.2d 849, 850 (1993); *Faulkenbury v. Teachers' & State Employees' Retirement System*, 108 N.C. App. 357, 364, 424 S.E.2d 420, 422 ("[T]he lower court . . . retains jurisdiction to take action which aids the appeal . . . and to hear motions and grant orders, so long as they do not concern the subject matter of the suit and are not affected by the judgment appealed from."), *disc. review*

*denied and appeal dismissed in part,* 334 N.C. 162, 432 S.E.2d 358, *and aff'd per curiam,* 335 N.C. 158, 436 S.E.2d 821 (1993).

In this case, the trial court did not impermissibly proceed on a matter included within the action pending before this Court on appeal. The matters pending before this Court were: (1) the enforceability of the forum selection clause contained within the written employment agreement; (2) the enforceability of the covenant not to compete contained within the written employment agreement; and (3) the existence of trade secrets. It follows that the trial court did not lack subject matter jurisdiction to enjoin Defendants from proceeding with the separate New York Action, as the propriety of the New York Action was not a question involved in the then-pending appeal of the North Carolina Action.

Although Defendants also assigned error to the trial court's injunction on the grounds that Plaintiff had failed to present sufficient evidence that "he was likely to succeed on the merits of his claim" or that "he would suffer irreparable harm if the injunction was not issued," they have abandoned these issues by failing to argue them in their brief before this Court. *See* N.C.R. App. P. 28(b)(5) ("Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned."). Accordingly, we do not address these issues.

Affirmed.

Judges TIMMONS-GOODSON and SMITH concur.