Rutherford Elec. Membership Corp. v. Time Warner Entm't/Advance-Newhouse
P'ship, 2014 NCBC 34.

STATE OF NORTH CAROLINA

RUTHERFORD COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
13 CVS 231

RUTHERFORD ELECTRIC MEMBERSHIP
CORPORATION,

        Plaintiff,

v.

TIME WARNER
ENTERTAINMENT/ADVANCE-
NEWHOUSE PARTNERSHIP, d/b/a TIME
WARNER CABLE, and TIME WARNER
CABLE SOUTHEAST, LLC,

        Defendants.

**ORDER AND OPINION**

*Nelson Mullins Riley & Scarborough, LLP, by Joseph W. Eason, Christopher
J. Blake, and Phillip A. Harris, Jr., for Plaintiff Rutherford Electric
Membership Corporation.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, LLP, by Reid L. Phillips,
and Sheppard Mullin Richter & Hampton, LLP, by Gardner F. Gillespie, Paul
A. Werner and J. Aaron George for Defendants Time Warner Entertainment-
Advance/Newhouse Partnership and Time Warner Cable Southeast LLC.*

Bledsoe, Judge.

THIS MATTER is before the Court on Plaintiff Rutherford Electric
Membership Corporation's ("Plaintiff") Motion to Enforce Stay of Proceedings or, in
the alternative, Motion to Stay Order and Opinion Pending Appeal (the "Motion") in
the above-captioned case. Having considered the Motion, the briefs and
supplemental material filed in support of and in opposition to the Motion, and the
arguments of counsel at the hearing held on July 18, 2014, the Court DENIES the
Motion.

I.

FACTUAL BACKGROUND

{1} This case involves the proper interpretation and application of N.C. Gen.
Stat. § 62-350 ("G.S. § 62-350"), a statute enacted in 2009 to govern the regulation
of pole attachments in North Carolina.

{2} On January 31, 2013, Plaintiff filed its Complaint in this action under G.S. § 62-350 seeking an adjudication that the pole attachment rates it charged to Defendants Time Warner Entertainment/Advance-Newhouse Partnership and Time Warner Cable Southeast, LLC ("Defendants") for the years 2010 through 2013 were "just, reasonable, and non-discriminatory, and in the public interest."

{3} After a four-day bench trial in September 2013, the Court (Murphy, J.) entered its final Order and Opinion (the "Order") on May 22, 2014, finding in favor of Defendants. Specifically, Judge Murphy determined that Plaintiff's rates were unjust and unreasonable during the years at issue. *Rutherford Elec. Membership Corp. v. Time Warner Entm't/Advance-Newhouse P'ship*, 2014 NCBC 20 ¶ 85 (N.C. Super. Ct. May 22, 2014), http://www.ncbusinesscourt.net/opinions/2014_NCBC_20.pdf. Judge Murphy further concluded that Plaintiff's "unilateral rate increases for the years in dispute violated § 62-350," *id.* at ¶ 92, and, in addition, that the requirement in G.S. § 62-350(a) that a covered entity "shall allow any communications service provider to utilize poles, ducts and conduits at . . . non-discriminatory rates, terms and conditions adopted pursuant to negotiated or adjudicated agreements" did not "insulate 'class-based' rates, terms, and conditions from review in individual cases." *Id.* at ¶ 91.

{4} Relying on the directive in G.S. § 62-350 requiring the Court to "apply any new rate adopted as a result of the action retroactively to the date immediately following the expiration of the 90-day negotiating period or initiation of the lawsuit, whichever is earlier," *id.* at ¶ 93 (quoting § 62-350(c)), Judge Murphy further concluded that:

> the parties must negotiate and adopt new rates for the years 2010 through 2013 that are consistent with the reasoning in [the] Order . . . [to] be applied retroactively to the date immediately following the expiration of the 90-day negotiating period for each year or the initiation of [the] lawsuit, whichever is earlier.

*Id.* at ¶ 93.

{5} In particular, Judge Murphy ordered the parties to adopt new rates for the years 2010 through 2013 within 90 days of the entry of the Order, and to apply

those new rates retroactively in accordance with the statute.  *Id.* at ¶ 94(d).  Judge Murphy further directed that within 30 days after the parties adopted new rates, "Plaintiff must reimburse Defendants for any amounts overpaid, and/or Defendants must pay Plaintiff any amounts owed under the new rate[s]."  *Id.* at ¶ 94(f).

{6}     On June 11, 2014, Plaintiff filed its Notice of Appeal from the Order to the North Carolina Court of Appeals.

{7}     On June 13, 2014, Plaintiff filed the instant Motion.

{8}     A hearing on the Motion was held on July 18, 2014.  The Motion has been fully briefed and is now ripe for determination.

II.

ANALYSIS

{9}     Plaintiff contends that the Order is automatically stayed pending appeal by operation of G.S. § 1-294, and, alternatively, that the Court should exercise its discretion to enter a stay pending appeal under Rule 8 of the North Carolina Rules of Appellate Procedure ("NCRAP 8").

{10}    Defendant disputes Plaintiff's interpretation of G.S. § 1-294 and instead claims that the same statute divests this Court of jurisdiction to consider Plaintiff's Motion or enter the requested stay.  Defendant further contends that the Court should not enter a discretionary stay under NCRAP 8 because Plaintiff will not suffer prejudice or harm if the stay is not granted and because Plaintiff has not taken the necessary predicate steps for a stay under North Carolina law.

Plaintiff's Argument for an Automatic Stay

{11}    G.S. § 1-294 provides, in relevant part, that "[w]hen an appeal is perfected . . . it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein . . . ."[1]

---

[1] Counsel for both parties advised at the hearing that the appeal has not yet been perfected but is expected to be perfected in due course.  For purposes of this Order, the Court assumes without deciding that perfection will occur within the ordinary course, and therefore, will relate back to the filing of the Notice of Appeal. *See Woodard v. North Carolina Local Governmental Employees' Retirement System*, 110 N.C. App. 83, 87, 428 S.E.2d 849, 851 (1993) (citing *Lowder v. Mills, Inc.*, 301 N.C. 561, 580, 273 S.E.2d 247, 258 (1981)).

{12} The relevant determination for purposes of Plaintiff's argument for an automatic stay is whether the directives contained in paragraph 94 of Judge Murphy's Order are "further proceedings" such that they are automatically stayed under G.S. § 1-294. The Court concludes they are not. The self-executing features of Judge Murphy's Order are not proceedings "in the court below" as contemplated by the stay mandated in G.S. § 1-294. To the contrary, unless stayed, Judge Murphy's Order will take effect without any further action (or "further proceedings") in or by this Court. *See, e.g.,* G.S. § 1-296 ("the stay of proceedings provided for in this Article shall not be construed to vacate the judgment appealed from, but in all cases, such judgment remains in full force and effect. . .").

Defendants' Argument that the Court Lacks Jurisdiction

{13} Defendants claim that the same statute Plaintiff relies on, G.S. § 1-294, divests this Court of jurisdiction to hear the Motion or enter a stay, contending that entry of Plaintiff's requested stay would impermissibly constitute a "further proceeding in the court below upon the judgment appealed from, or upon the matter embraced therein." (Defs.' Br. Opp. Mot. 3–4.) In particular, Defendants argue that any such stay would constitute a further order rescinding the directives in the Order that the parties meet within 90 days to adopt new rates, make reimbursements and take similar actions consistent with the findings and conclusions in the Order. *Id.*

{14} North Carolina law is clear that "[u]pon filing a notice of appeal, a trial court in North Carolina is divested of jurisdiction with regard to all matters embraced within or affected by the judgment which is the subject of the appeal." *Brooks v. Giesey*, 106 N.C. App. 586, 590–91, 418 S.E.2d 236, 238 (1992). However, the law is equally clear that "the court below may proceed upon any other matter included in the action and not affected by the judgment appealed from." G.S. § 1-294.

{15} Accordingly, a trial court retains authority to aid the appellate court in processing the appeal*, see, e.g., Ross v. Ross*, 194 N.C. App. 365, 368, 669 S.E.2d 828, 831 (2008); to handle matters that do not raise a "question involved in the

then-pending appeal," *see, e.g., Cox v. Dine-a-Mate, Inc.*, 131 N.C. App. 542, 545, 508 S.E.2d 6, 8 (1998), or to otherwise decide issues that will not be before the appellate court for review and decision on the appeal. *See, e.g., Songwooyarn Trading Co. v. Sox Eleven, Inc.*, 723 S.E.2d 569, 572 (N.C. Ct. App. 2012) ("the lower court . . . retains jurisdiction . . . to hear motions and grant orders, so long as they do not concern the subject matter of the suit and are not affected by the judgment appealed from").

{16}  Applying these principles, the Court concludes that staying Judge Murphy's Order will not modify, alter, reinterpret or otherwise cause a substantive change in the Order.  Rather, a stay will simply delay the implementation of the Order pending appeal and would be "intended to aid in the security of the plaintiff's rights while the appeal [is] pending." *Id.*  Indeed, there has been no showing that the directives contained in the Order cannot be implemented after an appeal has been resolved, or that the Order required action to occur by August 20, 2014 (90 days after the May 22, 2014 Order) because substantive rights of either party would be lost thereafter.  Accordingly, the Court rejects Defendants' argument and concludes that it has jurisdiction to consider Plaintiff's motion for stay and to enter a stay, if the Court finds it appropriate.

Plaintiff's Argument for a Discretionary Stay

{17}  Having rejected Plaintiff's argument for an automatic stay and determined that it has jurisdiction to consider entry of a stay, the Court now considers Plaintiff's alternative contention that the Court should enter a discretionary stay of the implementation of the Order pending the appeal.[2]

---

[2] Defendant contends that Plaintiff has not taken the necessary predicate steps to secure a stay, in particular, the posting of a bond or written undertaking as required, for example, under G.S. § 1-289 (for a money judgment).  The Order here, however, is not readily categorized and has features of a mandatory injunction (compelling renegotiation of rates) and a prospective money judgment (to be calculated after the renegotiation).  Accordingly, the Court concludes that Plaintiff properly moved the trial court for a stay under Rule 8 of the North Carolina Rules of Appellate Procedure without attempting a bond or written undertaking (a stay must "ordinarily first be sought by deposit of security with the clerk of the superior court in those cases for which provision is made by law for the entry of stays upon deposit of adequate security . . . or by application to the trial court in all other cases.").

{18}   The North Carolina appellate courts have provided limited guidance to assist trial courts in analyzing whether to grant a discretionary stay pending appeal.  Plaintiff argues prejudice to the appellant should be the guide, while Defendants suggest an injunction standard – the likelihood that the appellant will prevail on appeal and the possibility that the appellant will be irreparably harmed if a stay is not entered – is appropriate. *See generally Meares v. Town of Beaufort*, 193 N.C. App. 49, 63, 667 S.E.2d 244, 254 (2008); *Abbott v. Highlands*, 52 N.C. App. 69, 277 S.E.2d 820 (1981).[3]  Both proposed standards thus focus on prejudice to the moving party and so will the Court's analysis.

{19}   Plaintiff contends that "[r]equiring compliance with the . . . Order . . . would prejudice the rights and claims of Plaintiff embraced within that appeal, and also would produce attachment rates for 2010 through 2013, and thereafter, which discriminate in favor of the Defendants, to the further prejudice and detriment of Plaintiff." (Pl.'s Br. Supp. Mot. 5–6.)  Plaintiff further contends that, if it is forced to adopt new rates for the applicable period, Plaintiff's appeal would be rendered moot. (Pl.'s Reply Br. 7–8.)

{20}   The Court does not find Plaintiff's arguments persuasive.  First, Judge Murphy considered and rejected Plaintiff's contention that negotiating a different rate for Defendants from the rate that Plaintiff charged others would prejudice Plaintiff's other agreements. *Rutherford Elec. Membership Corp.*, 2014 NCBC 20 ¶ 91.  The Court will not issue a stay based on alleged prejudice that Judge Murphy previously concluded is not present.  Likewise, Plaintiff's contention that the appeal will necessarily be rendered moot by the ordered renegotiation is not apparent on this record or under North Carolina law.  Moreover, if Plaintiff should prevail on appeal, Plaintiff has not shown that any action taken or any payments made in reliance on new rates negotiated under Judge Murphy's Order cannot be easily

---

[3] S*ee also Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (noting the four-factor test under federal law: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.").

unwound.  Indeed, at its core, the Order requires a new reasonable rate to be negotiated and reimbursement to be made based on that rate.  Should that reimbursement occur and Plaintiff later prevail on its appeal, it should be a relatively simple matter to put the parties back into their respective pre-appeal positions through a mathematical adjustment and subsequent payment.  Accordingly, the Court concludes that Plaintiff has failed to show that it will suffer prejudice or irreparable harm if the Motion is denied and a stay is not entered.

{21}   Given that Plaintiff has not shown prejudice or irreparable harm from a denial of the Motion, and mindful of the broadly-stated admonitions from the United States Supreme Court under federal law that "[a] stay is an 'intrusion into the ordinary processes of administration and judicial review' and accordingly 'is not a matter of right, even if irreparable injury might otherwise result to the appellant,'" *Nken v. Hunter*, 556 U.S. 418, 427 (2009) (citations omitted), the Court concludes that a stay should not issue on the facts presented here, and therefore, Plaintiff's Motion should be denied.

{22}   WHEREFORE, the Court DENIES Plaintiff's Motion.

SO ORDERED, this the 25th day of July, 2014.