130 of Chatham, LLC v. Rutherford Elec. Membership Corp., 2014 NCBC 35.

STATE OF NORTH CAROLINA

RUTHERFORD COUNTY

IN THE GENERAL COURT OF
JUSTICE
SUPERIOR COURT DIVISION
14 CVS 711

130 OF CHATHAM, LLC, as member of
Rutherford Electric Membership
Corporation,

Plaintiff,

v.

RUTHERFORD ELECTRIC
MEMBERSHIP CORPORATION,

Defendant.

**ORDER AND OPINION**

*Roberts & Stevens, PA by Ann-Patton Hornthal, William Clarke, and John D. Noor, for Plaintiff 130 of Chatham, LLC.*

*Parker Poe Adams & Bernstein LLP by Michael G. Adams, Morgan H. Rogers, and Bobby Sullivan for Defendant Rutherford Electric Membership Corporation.*

Bledsoe, Judge.

{1}     **THIS MATTER** is before the Court on Defendant Rutherford Electric Membership Corporation's ("Defendant") Emergency Motion to Establish Bond for § 1-290 Stay, or Stay Pending Appeal in the above-captioned case (the "Motion"). After considering the Motion, briefs in support of and in opposition to the Motion, and the arguments of counsel at a telephone hearing held on July 30, 2014, the Court **DENIES** the Motion.

I.

PROCEDURAL HISTORY

{2}     Plaintiff 130 of Chatham, LLC ("Plaintiff") filed its Verified Complaint, Motion for Writ of Mandamus, Motion for Mandatory Injunction, and Motion to Stay on July 11, 2014 in Rutherford County, North Carolina.  Defendant subsequently filed its Notice of Designation on July 15, 2014.

{3}     This action was designated a mandatory complex business case on July 15, 2014 and assigned to this Court on July 23, 2014.

{4} On July 23, 2014, Defendant filed its Motion for Continuance of Hearing on Plaintiff's Motion for Writ of Mandamus to permit inspection and copying of documents scheduled for July 24, 2014 before the Honorable Judge Alan Thornburg in McDowell County, North Carolina (the "Motion for Continuance"), and simultaneously filed a Motion to Dismiss and/or Transfer Venue of Hearing (the "Motion to Dismiss").

{5} Thereafter, on July 28, 2014, Judge Thornburg denied Defendant's Motion for Continuance, denied Defendant's Motion to Dismiss, and granted Plaintiff's Motion for Writ of Mandamus, by which he ordered Defendant to deliver various corporate documents to Plaintiff's counsel, some documents on or before August 1, 2014 and others on or before August 23, 2014 (the "Order").

{6} Defendant filed Notice of Appeal on July 28, 2014 and at the same time filed this Motion.

{7} Plaintiff filed its Response to the Motion on July 30, 2014, and the Court held a telephone hearing that same day.

II.

ANALYSIS

{8} Broadly stated, Defendant's overarching concern is that if a stay does not issue, Plaintiff will obtain over the next three weeks the Requested Information (defined below) – information which Defendant asserts it has, by its own long-held policy, never voluntarily disclosed to its members or other parties – and use this information to influence Defendant's annual meeting and election of directors now scheduled for September 26, 2014. (Def.'s Br. Supp. Mot. 8-10).

{9} Plaintiff broadly counters by arguing that if a stay is entered, Plaintiff will not be able to use information it has a legal right to receive and which it has fairly won in connection with its proper legal purpose to participate meaningfully in Defendant's annual meeting and board election. (Pl.'s Resp. Mot. 12).

{10} Defendant contends that this Court should issue an order under N.C.G.S § 1-290 and Rule 62(d) of the North Carolina Rules of Civil Procedure staying the directives in the Order requiring Defendant to deliver its Membership List and

Sample Ballot to Plaintiff's counsel on or before August 1, 2014, and to deliver its Member Minutes & Records of Member Actions, Board Minutes & Records of Board Action, Board Committee Records, Resolutions Adopted by the Board, and Financial Statements to Plaintiff's counsel on or before August 23, 2014 (collectively, the "Requested Information"). (Def.'s Br. Supp. Mot. 1).

{11} Defendant first argues that G.S. § 1-290 and Rule 62(d) together provide that a judgment for the delivery of documents is stayed automatically on appeal if the appellant delivers the relevant documents to the Court or posts an appropriate bond. In reliance on that statutory interpretation, Defendant requests that the Court permit Defendant to post a nominal bond and thereby obtain an automatic stay of the Order. (Def.'s Br. Supp. Mot. 1). Defendant argues in the alternative that the Court should exercise its discretion under Rule 8 of the North Carolina Rules of Appellate Procedure to issue a stay of the Order.

{12} Plaintiff argues in opposition that an automatic stay is not available under G.S. § 1-290 and Rule 62(d), that a stay of the Order would contravene longstanding North Carolina law prohibiting one Superior Court judge from "modify[ing], overrul[ing], or chang[ing] the judgment of another Superior Court judge previously made in the same action," *State v. Woolridge*, 357 N.C. 544, 549–50, 592 S.E.2d 191, 194 (2003), that Defendant has not shown that denial of a stay would cause Defendant irreparable harm or substantial injustice, and that, to the contrary, entry of a stay here would instead severely prejudice and harm Plaintiff. (Pl.'s Resp. Mot. 3, 10–15). Plaintiff further argues that should the Court enter a stay, it should require security and a bond, and order that the Requested Information be delivered to the Court for safekeeping. (Pl.'s Resp. Mot. 13–15).

Defendant's Argument for an Automatic Stay

{13} Defendant advances a textual argument that it is entitled to an automatic stay under G.S. § 1-290 and Rule 62(d).

{14} Rule 62(d) states that "[w]hen an appeal is taken, the appellant may obtain a stay of execution, subject to the exceptions contained in section (a), by

proceeding in accordance with and subject to the conditions of . . . G.S. § 1-290."
N.C. R. Civ. P. 62(d) (2014).

{15}   G.S. § 1-290 provides that:

> If the judgment appealed from directs the assignment or delivery of documents or personal property, the execution of the judgment is not stayed by appeal, unless the things required to be assigned or delivered are brought into court, or placed in the custody of such officer or receiver as the court appoints, or unless an undertaking be entered into on the part of the appellant, by at least two sureties, and in such amount as the court or a judge thereof directs, to the effect that the appellant will obey the order of the appellate court upon the appeal.

{16}   Defendant contends that, when read together, Rule 62(d) and G.S. § 1-290 permit Defendant to deliver documents to the Court or post a bond in an amount ordered by the Court, and a stay shall automatically issue. Accordingly, Defendant requests that the Court order a nominal bond so that upon Defendant's payment, the automatic stay will issue.

{17}   The North Carolina Court of Appeals, however, has rejected a nearly identical argument in a directly analogous context. In *Meares v. Town of Beaufort*, 193 N.C. App. 49, 63, 667 S.E.2d 244, 254 (2008), the trial court issued a judgment directing appellant to execute an "instrument." Similar to G.S. § 1-290, the operative language of G.S. § 1-291 provides that such a judgment "is not stayed until the instrument has been executed and deposited with the clerk with whom the judgment is entered, to abide the judgment of the appellate court." *Id.* The appellant in *Meares* argued, like Defendant argues concerning G.S. § 1-290 here, that an automatic stay would necessarily issue upon appellant's compliance with the criteria in G.S. § 1-291. The Court of Appeals rejected the appellant's argument, holding "[w]e do not read N.C.G.S. § 1-291 to require that a stay is compelled upon satisfaction of the criteria under N.C.G.S. § 1-291." *Id.*

{18}   Although decided under G.S. § 1-291, the Court finds the Court of Appeals' analysis in *Meares* persuasive and controlling for purposes of G.S. § 1-290 here. Accordingly, the Court rejects Defendant's contention that it is entitled to an automatic stay upon posting a nominal bond ordered by the Court.

<u>Defendant's Argument for a Discretionary Stay</u>

{19}   Defendant argues in the alternative that the Court should exercise its "inherent power to stay the execution of a judgment," *State v. Yonce*, 207 N.C. App. 658, 663, 701 S.E.2d 264 (2010) and issue a discretionary stay under Rule 8 of the North Carolina Rules of Appellate Procedure.

{20}   Plaintiff's primary argument in opposition is that the entry of any such stay would necessarily result in the Court improperly overruling Judge Thornburg's Order. *See, e.g., State v. Woolridge*, 357 N.C. at 549–50, 592 S.E.2d at 194 ("no appeal lies from one Superior Court judge to another . . . one Superior Court judge may not correct another's errors of law."). (Pl.'s Resp. Mot. 3-8). Plaintiff also contends that the Court should deny the requested stay because Defendant has not made "a sufficient showing of a substantial change in circumstances" justifying this Court to overrule Judge Thornburg, citing *Woolridge,* 357 N.C. at 549-50, 592 S.E.2d at 194, Defendant's own document production policy permits production pursuant to court order, G.S. Chapter 55A authorizes the expedited relief granted by Judge Thornburg, and Defendant has not brought forward sufficient evidence of prejudice or irreparable harm to justify the entry of a stay. (Pl.'s Resp. Mot. 3 - 13).

{21}   As an initial matter, the Court concludes that the decision to grant a stay in these circumstances is discretionary. *See Meares, supra* (holding the trial court's entry of a stay under G.S. § 1-291 to be discretionary). Moreover, the Court concludes that it has the authority to issue a discretionary stay should it choose to do so and that it has not been divested of jurisdiction by Defendant's filing of a notice of appeal. *See generally Rutherford Elec. Membership Corp. v. Time Warner Entertainment/-Advance-Newhouse P'ship*, 2014 NCBC 34 ¶ 18 (N.C. Super. Ct. July 25, 2014), www.ncbusinesscourt.net/opinions/2014_NCBC_34.pdf (denying stay pending appeal).

{22}   In determining whether to grant a discretionary stay pending appeal, the Court focuses on prejudice or irreparable harm to the moving party should a stay not issue. *Id., see generally, e.g., Home Indem. Co v. Hoechst Celanese Corp.*, 128 N.C. App. at 113, 117-19, 493 S.E.2d 806, 809-10 (1997) ("a trial court should stay

an action [under G.S. § 1-75-12] only if the judge shall find that it would work a substantial injustice . . .").  Whether an appellant can show a substantial likelihood of success on appeal can be a factor in showing prejudice or irreparable harm. *Abbott v. Highlands*, 52 N.C. App. 69, 79, 277 S.E.2d 820, 827 (1981) (affirming trial court's entry of stay and noting "there [was] some likelihood that plaintiffs would have prevailed on appeal and thus been irreparably injured").

{23}   In support of its contention that Defendant has a substantial likelihood of success on appeal, Defendant argues at length in its brief that Judge Thornburg denied Defendant its procedural due process rights in entering the Order, erred as a substantive matter in reaching his findings of fact and conclusions of law in the Order, failed to apply the proper legal standard to Plaintiff's motion, and, even under the standard applied by the Court (G.S. § 55A-16-01, *et seq.*), committed reversible error in concluding Plaintiff sought the Requested Information in good faith and for a proper purpose. (Def.'s Br. Supp. Mot. 3 - 9).[1]

{24}   Based on its review of the submissions of the parties and its review of applicable law, the Court is at least somewhat sympathetic to the arguments Defendant forecasts it will advance on appeal and concludes that there is at least "some likelihood" that Defendant will succeed on appeal.  *See Abbott*, 52 N.C. App. at 79, 277 S.E.2d at 827.  The Court, however, is concerned that, if it were inclined to grant a stay at this time on the basis that Defendant is likely to succeed on its appeal when compliance with the Order is to occur tomorrow, this Court's stay would effectively put the Court in the position of overruling Judge Thornburg's Order in violation of North Carolina law.  *See Woolridge*, 357 N.C. at 549–50, 592 S.E.2d at 194.  Given the unique time constraints presented by the Motion and the dictates of the Order, the Court concludes that any relief from the Order on this

---

[1]   Defendant has offered the Affidavit of Joseph H. Joplin, Defendant's General Manager, in support of its Motion.  Mr. Joplin avers that Plaintiff has sought the Requested Information to improperly conduct discovery in condemnation proceedings Defendant has initiated against Plaintiff (Joplin Aff. at 55-58) and that Plaintiff's purported reason for its request is fabricated to cover up Plaintiff's "fishing expedition" into Defendant's records (*id.* at 59-63) – all in an effort to stop the condemnation proceeding over Plaintiff's property. *Id.* at 64.

basis cannot be obtained from this Court but instead, if it is to be obtained at all, must come from action of the Court of Appeals under the North Carolina Rules of Appellate Procedure.

{25}   At the July 30, 2014 hearing, Defendant identified two additional categories of prejudice or irreparable harm that it claimed it would suffer should a stay not issue.  The Court will address each in turn.

{26}   First, Defendant argued that it would be irreparably harmed if it was required to produce the Membership List because Plaintiff would overwhelm Defendant's customers with unwelcome mailings, telephone calls, and other solicitations relating to the upcoming election of Defendant's directors.  In a similar vein, Defendant argued that its customers had an expectation of privacy that would be violated if the Membership List was produced to Plaintiff.

{27}   Based on Defendant's showing, however, the Court cannot conclude that production of the Membership List will cause Defendant irreparable harm.  First, Defendant's counsel's speculation concerning both Plaintiff's use of the Requested Information and Defendant's customers' reaction to such use is not supported by affidavit or other evidence and is too slender a reed upon which to rest a finding of prejudice or irreparable harm.

{28}   As for the privacy expectations of Defendant's customers, Defendant's counsel advised at the hearing that the information contained in the Membership List is simply the customer's name and address.  Defendant has not shown, through customer affidavits or otherwise, that Defendant made any representations to its customers asserting that it would not disclose the customer's name and address to outside parties or that any customers had any such privacy expectations.[2]

---

[2] *See generally, e.g., Federal Labor Relations Authy. v. United States Dept. of the Navy*, 941 F.2d 49, 55-56 (1st Cir. 1991) ( disclosure of the names and addresses of adults does not, per se, establish an invasion of privacy); *Dwyer v. American Express Company,* 273 Ill.App.3d 742, 210 Ill. Dec. 375, 652 N.E.2d 1351 (1995) (American Express cardholders had no right of privacy in their names and addresses and so could not prevent credit card company from renting lists of their names and addresses); *Town of West Hartford v. Freedom of Information Commission*, 218 Conn. 256, 588 A.2d 1368 (1991) (appellate court reversed trial court's ruling that firefighters' association could not have list of the names and addresses of all retired residents of the town because disclosure of names

Moreover, unlike Social Security numbers, unlisted telephone numbers, customer payment or credit information, and the like, an individual's name and address is typically available through various public sources and is unlikely to be subject to any reasonable expectation of privacy of the sort suggested here. *See generally, Aronson v. U.S. Deptmt. of Housing and Urban Development*, 822 F.2d 182 (4th Cir. 1987) ("[t]he privacy interest becomes more significant . . . when names and addresses are combined with financial information."). Accordingly, in the absence of any showing to the contrary by Defendant, the Court does not find an expectation of privacy in the Membership List in these circumstances. As a result, the Court concludes that Defendant has failed to show that it will suffer prejudice or irreparable harm if a stay is not entered and the Membership List is disclosed.

{29} In addition, Defendant argued that production of Board Minutes and related documents will create a "chilling effect" on Defendant's board deliberations and discourage Defendant's board members from candid communications in the future.

{30} As Plaintiff correctly points out, however, Defendant's Board Minutes and related documents are already subject to production in any litigation that involves a review of board decision-making. Defendant has not offered compelling or persuasive evidence that production of the Minutes and other documents would create an incremental "chilling effect" on Defendant and its Board such that production could reasonably be seen to constitute prejudice or irreparable harm. *See, e.g., Stone v. Ritter*, 2005 Del. Ch. LEXIS 146, *4–*7 (Del. Ch. 2005) (rejecting party's claim that disclosure of board minute excerpts would have a "chilling effect" on board deliberations). Accordingly, the Court cannot conclude that disclosure of Defendant's Board Minutes and related documents will constitute prejudice or irreparable harm should a stay not issue.

{31} In sum, the Court concludes that it may not enter a stay based on an assessment of Defendant's likelihood of success on appeal in the unique

---

and addresses would not be a per se invasion of personal privacy); *State v. Chryst*, 793 P.2d 538 (Alaska Ct. App. 1990) (no reasonable expectation of privacy concerning address information).

circumstances presented here and that Defendant has not otherwise shown that Defendant will suffer prejudice or irreparable harm from a denial of the Motion, particularly when Defendant has recourse available under the North Carolina Rules of Appellate Procedure to the Court of Appeals. Accordingly, the Court concludes that a stay should not issue on the facts presented here, and that, therefore, Defendant's Motion should be denied. *See generally Nken v. Hunter*, 556 U.S. 418, 427 (2009) (noting under federal law that "[a] stay is an 'intrusion into the ordinary processes of administration and judicial review' and accordingly 'is not a matter of right, even if irreparable injury might otherwise result to the appellant.'").

{32}  **WHEREFORE**, the Court **DENIES** Defendant's Motion.

**SO ORDERED**, this the 31st day of July, 2014.