IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-737

Filed 01 August 2023

Mecklenburg County, No. 14 CVD 002667

ANDREA CROWELL, Plaintiff,

v.

WILLIAM CROWELL, Defendant.

Appeal by Plaintiff from order entered 9 May 2022 by Judge Christy T. Mann

in Mecklenburg County District Court. Heard in the Court of Appeals 10 May 2023.

*Law Office of Thomas D. Bumgardner, PLLC, by Thomas D. Bumgardner, and Plumides, Romano & Johnson, PC, by Richard B. Johnson, for plaintiff-appellant.*

*No brief filed for defendant-appellee.*

MURPHY, Judge.

N.C.G.S. § 1-294 strips a trial court of subject matter jurisdiction to enter

further orders during the pendency of an appeal if the issues in the new order are

embraced by the order previously appealed from. Here, the trial court entered an

order granting a preliminary injunction on behalf of Defendant during the pendency

of a previous appeal that prevented Plaintiff from disposing of property.[1] However,

---

[1] On 6 June 2023, we resolved that appeal by partially vacating the trial court's equitable distribution judgment and order because the trial court improperly reduced the distributive award to a money judgment. *Crowell v. Crowell*, COA22-111, __ N.C. App. __, 888 S.E.2d 227, 231. However, we rejected Plaintiff's argument that the award's collateral effect on her separate property violated the law of the case. *Id.* at 230.

the appropriateness of an order based on its collateral effect on that property was the primary issue in the second appeal; thus, the current order contains issues embraced by the order previously appealed from, and the trial court lacked subject matter jurisdiction to enter it.

## **BACKGROUND**

This is the third appeal in a protracted litigation involving the distribution of marital debt between Plaintiff Andrea Crowell and Defendant William Crowell. The bulk of the relevant facts were recounted in the previous appeal:

> Plaintiff and Defendant were married on 11 July 1998, separated on 3 September 2013, and divorced in April 2015. As of the date of separation, Plaintiff and Defendant had incurred a significant amount of marital debt. On 17 February 2014, Plaintiff filed a complaint against Defendant for equitable distribution, alimony, and postseparation support. Defendant filed an answer to the complaint and included a counterclaim for equitable distribution.
>
> From 6 July 2016 to 8 July 2016, the issues of equitable distribution and alimony were tried in Mecklenburg County District Court. The parties had stipulated in the final pretrial order that 14212 Stewarts Bend Lane, 14228 Stewarts Bend Lane, and 14512 Myers Mill Lane were all Plaintiff's separate property, and the trial court distributed the properties, along with their underlying debts, to Plaintiff. The trial court also found the following:
>
> > As a result of this equitable distribution Defendant[] will have more debt than property and Plaintiff[] will have to liquidate her property to pay the distributive award. . . . Neither party has any liquid marital property left. . . . There was no choice but to

> distribute all the debts to Defendant[] in his case which results in a heavy burden he may never be able to pay before his death and a distributive award owed by Plaintiff[] that she may never be able to pay before her death.

On 15 August 2016, the trial court entered its equitable distribution judgment and alimony order, denying alimony and specifically ordering Plaintiff to liquidate 14212 Stewarts Bend Lane and 14228 Stewarts Bend Lane to satisfy the distributive award to Defendant. On 14 September 2016, Plaintiff appealed from the equitable distribution judgment and alimony order; and, on 2 January 2018, this Court issued a divided opinion. *See Crowell v. Crowell*, 257 N.C. App. 264, 285 (2018). The Majority opinion held, in relevant part, that the trial court did not err by "considering" Plaintiff's separate property and ordering her to liquidate it to satisfy a distributive award to Defendant. *Id.* However, on 16 August 2019, our Supreme Court issued a unanimous opinion reversing this Court's affirmation of the equitable distribution judgment and order and remanding with further orders to remand to the trial court. *Crowell v. Crowell*, 372 N.C. 362, 368 (2019). The Court concluded that "the trial court distributed separate property . . . when it ordered Plaintiff to liquidate her separate property to pay a distributive award" and that "there is no distinction to be made between 'considering' and 'distributing' a party's separate property in making a distribution of marital property or debt where the effect of the resulting order is to divest a party of property rights she acquired before marriage." *Id.* Our Supreme Court ultimately held the trial court could not order Plaintiff to liquidate her separate property to satisfy the distributive award because "trial courts are not permitted to disturb rights in separate property in making equitable distribution award orders." *Id.* at 370.

Pursuant to our Supreme Court's holding, the trial court held a hearing on 10 February 2021; and, on 16 July 2021, the trial court issued an *Amended Equitable Distribution Judgment and Alimony Order*. The trial court concluded

"Plaintiff[] has the ability to pay the distributive award as outlined herein[,]" incorporated the bulk of the 2016 order by reference, and entered the following distribution order:

> 1. Paragraph 6 (a) – (d) of the Decretal Section of the Original Order is hereby amended as follows:
>
> In order to accomplish the equitable distribution, Plaintiff[] is required to pay a distributive award of Eight Hundred Sixteen Thousand Seven Hundred Ninety-Four Dollars and no/100 ($816,794[.00]) to be paid as follows:
>
>> a. A lump [sum] payment of Ninety Thousand Dollars and no/100 ($90,000[.00]) within sixty (60) days from [10 February 2021].
>>
>> b. A second lump [sum] payment of One Hundred Thousand Dollars and no/100 ($100,000[.00]) within ninety (90) days of [20 February 2021].
>>
>> c. A third lump [sum] payment of Two Hundred Ten Thousand Dollars and no/100 ($210,000[.00]) on or before [10 February 2022].
>>
>> d. The balance of Four Hundred Twenty-Four Thousand Two Hundred Ninety-Four Dollars and no/100 ([$424,294.00]) owed is reduced to judgment and shall be taxed with post judgment interest and collected in accordance with North Carolina law.
>
> 2. Except as specifically modified herein, the parties' separate property, marital property, and divisible property shall remain as it was

> previously classified, valued, and distributed in the [15 August 2016 order].
>
> 3. Except as specifically modified herein, the [15 August 2016 order] shall remain in full force and effect.

(Marks omitted.) Plaintiff timely appealed.

*Crowell v. Crowell*, COA22-111, __ N.C. App. __, 2023 WL 3829196, *1-2 (unpublished).

On 3 November 2021, during the pendency of the second appeal, Defendant filed a motion to enjoin Plaintiff from hiding or disposing of property which, if relinquished, would prevent her from complying with her obligations under the trial court's *Amended Equitable Distribution Judgment and Alimony Order*. In an order entered the same day, the trial court granted the motion, making, *inter alia*, the following findings of fact:

> 12. On June 25, 2021, Plaintiff[] sold the 14212 Stewarts Bend [Lane] property for approximately $600,000.[00.]
>
> 13. On July 16, 2021, this Court entered an [*Amended Equitable Distribution Judgment and Alimony Order*]. Said order provided, in part, for Plaintiff[] to pay [the amount specified above].
>
> 14. Despite having the cash to do so (after surreptitiously selling the real property), Plaintiff[] has not made a single payment owed to Defendant[.]
>
> 15. On August 13, 2021, Plaintiff[] filed a Notice of Appeal to the Amended Order. This appeal has no legal merit and was filed only to thwart [Defendant's] ability to collect the monies he has been rightfully owed for three (3) years.

16. Plaintiff[] is strategically avoiding paying her distributive award and is doing so in bad faith.

17. The Court has a legitimate concern that Plaintiff[] is taking purposeful actions to make herself judgment proof and that she intends to spend all of the Sales Proceeds from the recent real property sale, that she intends to transfer, sell, or otherwise dispose of CKE Properties, LLC or its only asset, the Myers Mill House, for the purpose of secreting any assets she may have available to pay the distributive award outside of the reach of the Court and/or Defendant[.]

18. To prevent irreparable harm to Defendant[] the Court has the remedy pursuant to [N.C.G.S.] § lA-1, Rule 65 to impose injunctive relief enjoining Plaintiff[] or anyone acting on her behalf from wasting these assets by enjoining Plaintiff[] and/or anyone acting on [her] behalf or at [her] direction from liquidating, borrowing against, cashing out, or absconding with the proceeds or ownership of received from the sale of 14212 Stewart's Bend Lane, CKE, or the Myers Mill House.

19. To prevent irreparable harm to Defendant[,] the Court has the remedy pursuant to [N.C.G.S.] § 1-440.1 to attach all of Plaintiff['s] assets pending Defendant['s] execution on the Amended Order.

20. Defendant[] has no adequate remedy at law to protect himself from Plaintiff['s] actions which will likely result in the imminent waste of assets that are necessary to satisfy Plaintiff['s] obligations to Defendant[.] If Plaintiff[] is not enjoined and/or her assets attached, she will likely be judgment proof and outside of the jurisdictional reach of the Court.

Based on these findings of fact, the trial court issued the following temporary restraining order:

1. The Motion in the Cause for Injunctive Relief (Temporary Restraining Order/Preliminary Injunction/Mandatory Injunction) is **GRANTED;**

2. Plaintiff[] or anyone or entity acting at her request, for her, or in concert with her from liquidating, transferring, leveraging, encumbering, selling, wasting, or otherwise dissipating a) CKE Properties, LLC; b) the Myers Mill House; and c) the Sales Proceeds from the sale of 14212 Stewart's Bend Lane.

3. This Order Re: Injunctive Relief shall expire upon the conclusion of a hearing commencing on [17 November] 2021 at 4:00 p.m. in Courtroom 8150.

4. At this day and time, Defendant['s] request for permanent injunctive relief, mandatory injunction, and attachment shall be brought on for hearing.

5. No bond shall be required.

6. The findings of fact contained herein are for purposes of this Order only and as required by Rule 65 of the North Carolina Rules of Civil Procedure and are not intended to be binding on the Court in any future proceeding.

After the 17 November 2021 hearing, the trial court orally continued the injunction until further orders, and that continuance was reduced to a written order on 6 May 2022. Plaintiff appealed.

**ANALYSIS**

On appeal, Plaintiff attacks the validity of the injunction on a number of bases, many of which have already been raised and resolved during prior appeals.[2] However, she also challenges the injunction on the following unique bases: first, that the trial court lacked jurisdiction to enter injunctive relief while the previous appeal was pending; second, that the preliminary injunction was improperly initiated as an independent cause of action; and, third, that the injunction was entered pursuant to improper procedure. However, as the resolution of Plaintiff's jurisdictional argument renders her other two arguments moot, we reach only that issue.

"For over a century, the Supreme Court has recognized that an appeal operates as a stay of all proceedings at the trial level as to issues that are embraced by the order appealed." *Plasman v. Decca Furniture (USA), Inc.*, 253 N.C. App. 484, 491 (2017), *disc. rev. denied,* 371 N.C. 116 (2018); *see also* N.C.G.S. § 1-294 (2022) ("When an appeal is perfected as provided by this Article it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein, unless otherwise provided by the Rules of Appellate Procedure; but the court below may proceed upon any other matter included in the action and not affected by the judgment appealed from."). "This is [N.C.G.S. §] 1-294 in a nutshell, for the statute itself draws a distinction between trial court's inability to rule on matters

---

[2] This most prominently includes her contention that the injunction violates the law of the case and arguments derivative of that position appearing throughout her brief, which was a topic in her second appeal. *Crowell*, 888 S.E.2d at 230.

that are inseparable from the pending appeal and the court's ability to proceed on matters that are not affected by the pending appeal." *Plasman*, 253 N.C. App. at 491 (marks omitted). When the trial court enters an order after an appeal is perfected, whether the trial court retains subject matter jurisdiction to enter the new order depends on whether the substantive issues in the new order "are embraced by the order [previously] appealed." *Id.*; *see also Cox v. Dine-A Mate, Inc.*, 131 N.C. App. 542, 545 (1998) (examining the substantive issues in the order at issue in a previous appeal for overlap with those in a later order allegedly entered without jurisdiction under N.C.G.S. § 1-294). "Whether a trial court has subject-matter jurisdiction is a question of law, reviewed de novo on appeal." *McKoy v. McKoy*, 202 N.C. App. 509, 511 (2010).

In *Romulus v. Romulus*, 216 N.C. App. 28 (2011), we resolved an issue regarding a similar operation of N.C.G.S. § 1-294. There, we held that a trial court theoretically retains jurisdiction to enter orders securing the enforcement of an equitable distribution judgment while an appeal is pending because, under N.C.G.S. § 1-289, the execution of an equitable distribution judgment is not stayed by the perfection of an appeal. *Id.* at 37 ("[A]n equitable distribution distributive award is theoretically a 'judgment directing the payment of money' which is enforceable during the pendency of an appeal unless the appealing spouse posts a bond pursuant to N.C.G.S. § 1–289[.]"); *see also* N.C.G.S. § 1-289 ("If the appeal is from a judgment directing the payment of money, it does not stay the execution of the judgment unless

a written undertaking is executed on the part of the appellant, by one or more sureties, as set forth in this section."). However, under the facts of that case, we nonetheless held that the trial court was without subject matter jurisdiction to enter a contempt order directing the payment of past-due amounts because the issue of which amounts, if any, were due was embraced by the pending appeal. *Romulus*, 216 N.C. App. at 37 ("[T]he trial court does not have jurisdiction after notice of appeal is given to determine the amount of periodic payments which have come due and remain unpaid during the pendency of the appeal and to reduce that sum to an enforceable judgment.").

Here, the pending appeal concerned an *Amended Equitable Distribution Judgment and Alimony Order*—reproduced in pertinent part above—specifically with respect to whether the order complied with the law of the case and whether the trial court was authorized to reduce the distributive award to a money judgment. *Crowell*, 2023 WL 3829196 at *2-4. As in *Romulus*, the fact that the *Amended Equitable Distribution Judgment and Alimony Order* is a "judgment directing the payment of money" under N.C.G.S. § 1-289 "theoretically" permits the trial court to act in a manner that ensures Plaintiff's compliance. *Romulus*, 216 N.C. App. at 37. However, one of the two issues in the previous appeal concerned whether the trial court was authorized in requiring Plaintiff to pay the sum it awarded Defendant because of the collateral effect on Plaintiff's separate real property. *Crowell*, 2023 WL 3829196 at *2-3.

That real property is, in part, the very property affected by the injunction at issue in this case. Thus, the injunction concerns issues "embraced by the order [previously] appealed[,]" and the trial court was therefore without jurisdiction to enter it during the pendency of the that appeal. *Plasman*, 253 N.C. App. at 491. As it acted without subject matter jurisdiction, we vacate the trial court's order.[3] *Romulus*, 216 N.C. App. at 38.

## **CONCLUSION**

Pursuant to N.C.G.S. § 1-294, the trial court lacked subject matter jurisdiction to enter an injunction on Defendant's behalf. Accordingly, we vacate the trial court's order.

VACATED.

Judges GORE and FLOOD concur.

---

[3] We further note that, to the extent the injunction thwarted any attempt by Plaintiff to dispose of her assets to avoid her obligations to Defendant, Defendant may retain a viable remedy for any such actions under the Uniform Voidable Transactions Act. *See* N.C.G.S. § 39-23.1 *et seq.* (2022); *see also* N.C.G.S. § 50-16.7 (2022) ("A dependent spouse for whose benefit an order for the payment of alimony or postseparation support has been entered shall be a creditor within the meaning of Article 3A of Chapter 39 of the General Statutes pertaining to voidable transactions."); *Crowell v. Crowell*, 257 N.C. App. 264, 287 (2018) (Murphy, J., concurring in part and dissenting in part) ("The Majority goes to great length to illustrate that the transfers fall within the UFTA, and I agree with the analysis contained therein, but the Majority does not cite a single case where a transfer was rescinded without the transferee being a party to the litigation. By requiring non-parties to act and effectively rescind the transfers, the trial court has permanently barred CKE and Kirby from raising any defenses or protections they may have under N.C.G.S. §§ 39-23.8 (2015) or 39-23.9(3) (2015)."), *rev'd and remanded*, 372 N.C. 362 (2019).